Leonard J. **FEINBERG** and
Abby Feinberg

v.

**UNITED STATES of America.**

**Civ. A. No. 84–3220.**

United States District Court,
E.D. Pennsylvania.

March 1, 1985.

Allen Pechter, Langhorne, Pa., for plaintiff.

Frederick J. Baker, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiffs brought an action, pursuant to 28 U.S.C. § 1346(a), seeking a refund of tax penalties imposed pursuant to section 6672 of the Internal Revenue Code of 1954 (the Code). 26 U.S.C. § 6672. Plaintiffs paid the penalty assessment of $9,131.88 together with interest charges of $2,448.92 on April 30, 1984. On July 3, 1984, plaintiffs filed in this court an action for refund, having previously exhausted their administrative remedies. On October 15, 1984, subsequent to a pre-trial conference held five days earlier, the United States deposed plaintiff Leonard Feinberg. As a result of this deposition, the United States agreed to a stipulation of an entry of judgment against it. This stipulation was filed on December 24, 1984.

Presently before the court is plaintiffs' application for counsel fees filed pursuant to § 7430 of the Code. After careful consideration of the parties' memoranda and the applicable law, we deny plaintiffs' application.

In civil proceedings regarding tax issues Congress has expressly provided that a party may be awarded attorneys' fees against the United States. Section 7430 provides in pertinent part:

> (a) In general.—In the case of any civil proceeding which is—
>
> (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and
>
> (2) brought in a court of the United States (including the Tax Court), the prevailing party *may* be awarded a judgment for reasonable litigation costs incurred in such proceeding.

26 U.S.C. § 7430(a) (emphasis supplied).

 Congress, in using the word "may", has given this court discretion as to an award of fees and costs to a prevailing party in a tax refund suit. Merely because a plaintiff has asked for attorneys' fees and costs in the prayer of his complaint does not guarantee such an award, even if judgment is entered in his favor. *Randazzo v. United States Department of Trea-*

*sury Internal Revenue Service,* 581 F.Supp. 1235, 1237 (W.D.Pa.1984).

However, before we may even exercise this discretion, we must determine whether the plaintiffs qualify as "prevailing parties" as this term is defined in § 7430(c)(2):

(A) In general.—The term "prevailing party" means any party to any proceeding described in subsection (a) ... which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issues or set of issues presented.

(B) Determination as to prevailing party. —Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—

(i) by the court, or

(ii) by the agreement of the parties.

Therefore, under the statute, two conditions must be met in order to establish that a party has "prevailed" and thus, *may* be awarded attorneys' fees:

1. The position of the United States in the proceeding was unreasonable, and

2. The other party has substantially prevailed in the proceeding.

The United States concedes that the plaintiffs have prevailed on the issues: that the Internal Revenue Service's (the Service) penalty assessment was not justified. Therefore, we need only decide whether the position of the United States in the civil proceeding was unreasonable.

■ The parties disagree about whether the "position of the United States in the civil proceeding", which must be proved to be unreasonable, refers to the government's position at litigation or to its pre-litigation stance. To resolve this issue, the Government directs our attention to *Greenburg v. United States,* 1 Cl.Ct. 406 (1983), a case construing the Equal Access to Justice Act, 28 U.S.C. § 2412. Like § 7430 of the Code, 28 U.S.C. § 2412 provides that a pre-

vailing party in a suit brought by or against the United States shall be awarded costs and fees. However, despite the similarities between the statutes, we find that reference to § 2412 is inapposite here. Unlike § 7430, the language of § 2412(d)(1)(A), stating that the fees shall be awarded unless the court finds that "*the position* of the United States was substantially justified", is somewhat ambiguous because it fails to set forth exactly what "position" it refers to. (emphasis added). In contrast, § 7430(c)(2)(A)(i) clearly states that the pertinent position is that which the government took "in the civil proceeding," meaning the position that the government assumed once it was presented with the fact that an action had been commenced.

■■ The fact that plaintiffs' claim was settled by the government's stipulation to an entry of judgment does not of itself, however, bar plaintiffs' application for attorneys' fees. A civil action is commenced when a complaint is filed. Fed.R.Civ.P. Rule 3. A case need not proceed to trial for fees and costs to be accumulated. The stipulation does, however, bear upon this court's determination of the reasonableness of the government's position, in that the government's pre-litigation stance, under which it justified the collection of the penalties, was later substantially abandoned when it conceded the claim.

■ At least one case has held that this pre-litigation stance is determinative of the reasonableness of the government's position if the claim is later settled. In *Kaufman v. Egger,* 584 F.Supp. 872 (D.Maine 1984), the court stated that:

... where Defendants' (the government) stipulation to a judgment in Plaintiffs' favor implies an admission of the Defendant's wrongdoing, it is necessary to determine whether that guilt was predicated upon the unreasonableness of Defendants' conduct, or some other factor. The Court holds that where Defendants stipulate to entry of judgment, that "position of the United States" which it shall examine for the purposes of determining

reasonableness shall be their prelitigation conduct which engendered the civil proceeding.

*Id.* at 878. The *Kaufman* case involved a seizure by the Service of the Kaufmans' 1982 tax refund to satisfy a deficiency from 1978. The Service had previously mailed two notices of the deficiency to an incorrect address. Not until eleven days after it sent notice of the seizure to the Kaufmans' correct address did the Service mail a new notice of deficiency. This procedure was held violative of § 6212 of the Code.

The case *sub judice* does not involve an acknowledged violation by the Service of any of the Code's procedural provisions; the reasons for the Service's stipulation was evidentiary. Prior to the initiation of the instant action, the Service was of the opinion that the plaintiffs were the responsible officers of a corporation that was liable under the Federal Insurance Contribution Act for penalties assessed for the second, third and fourth quarters of 1979. Not until after the instant action was commenced did the Service depose plaintiff Leonard Feinberg. On the basis of that deposed testimony, the Service conceded the dispute. Since the Service's concession was based on additional evidence and not on any perceived violations of its own procedures, we find the government's stipulation cannot be construed, per se, to imply an admission of its own wrongdoing or unreasonableness.

■ Because we find the government's stipulation does not of itself imply unreasonableness in its pre-litigation position, we reject the plaintiffs' contention that the entry of judgment for the full amount of the claim shifted the burden to the government to demonstrate that it had substantial justification for its actions. On the contrary, the statute in no way contemplates the imposition of a primary burden upon the government. It is for the plaintiff to show his eligibility under § 7430. The structure of the statute, in defining the prevailing party as one "which establishes that the position of the United States in the civil proceeding was unreasonable," § 7430(c)(2)(A)(i), is unambiguous. The burden is on the plaintiff to establish the unreasonableness.

[8] Since the plaintiffs have made no showing of unreasonableness on the part of the government, we deny the application of the plaintiff for counsel fees.