UNITED STATES of America, Plaintiff,

v.

**Lloyd R. LARSON, et al., Defendants.**

No. C–84–101–JLQ.

United States District Court, E.D. Washington.

Oct. 7, 1985.

John E. Lamp, U.S. Atty., Spokane, Wash., F. Michael Kovach, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Robert E. Kovecevich, Spokane, Wash., for defendants.

## OPINION

PANNER, Chief Judge.

The United States issued tax levies against Loren and Helen Griffith, purchasers of the Ramble Inn Cafe. A wrongful levy action filed by Julie Ray, defendant in the present action, was dismissed. Subsequently, the United States filed this action seeking: (1) to reduce to judgment tax liabilities of Lloyd Larson, Julie Ray's father; (2) to set aside as fraudulent Lloyd Larson's transfer of the Ramble Inn Cafe to his children; and (3) to foreclose the United States's liens against the property.

In March, 1985, following a court trial, I reduced Lloyd Larson's tax liabilities to judgment but found that the transfer of the Ramble Inn Cafe to Larson's children was not fraudulent. Judgment was entered for Julie Ray on the fraudulent conveyance issue.

Julie Ray applies for attorneys' fees pursuant to 26 U.S.C. § 7430. Section 7430 provides reasonable litigation costs to the prevailing party in an action brought by or against the United States under the Internal Revenue Code. Prevailing party means any party who establishes that the position of the United States in the proceeding was unreasonable and who substantially prevailed with respect to the amount in contro-

versy or with respect to the most significant issues presented. 26 U.S.C. § 7430(c)(2)(A).

■ In determining unreasonableness under section 7430, the court must consider the facts and legal precedents relating to the case as well as other factors. These other factors include: (1) whether the government used the costs and expenses of litigation to extract unjustified concessions from the taxpayer; (2) whether the government pursued the litigation for purposes of harassment or embarrassment or out of political motivation; (3) such other factors the court finds relevant. H.R.REP. NO. 97–404, 97th Cong., 1st Sess. 12 (1982).

Julie Ray asserts that the government's position in this action was unreasonable because it did not notify her of its seizure of payments from the Griffiths. She also asserts that the government's position in asserting that the transfer of the Ramble Inn Cafe to Lloyd Larson's children was a fraudulent conveyance was unreasonable.

■ The government's position in pursuing a tax levy action is unreasonable under section 7430 when the government knows that the taxpayers were not notified of the levy and continues to pursue the action in court. *Hallam v. Murphy,* 586 F.Supp. 1, 3 (N.D.Ga.1983). The government was not required to notify Julie Ray of the tax levy against the Griffiths and the Ramble Inn Cafe because she was not the taxpayer whose liability was being collected and because her claim to the vendor's interest in the name of Ramble Inn Cafe was not readily ascertainable. The government was only required to serve notice on the Griffiths, who had purchased the Cafe and whose delinquent tax liabilities were to be satisfied by the levies. The government's pursuit of this action without notice of the tax liens to Julie Ray was not unreasonable.

■ Factors which indicate a fraudulent conveyance include: (1) insolvency of the transferor debtor at the time of transfer, (2) the transfer was for less than fair consideration, and (3) the transferor re-

served a benefit for itself. *In re O.P.M. Leasing Services, Inc.,* 40 B.R. 380, 395 (Bankr.N.Y.1984). Lloyd Larson was experiencing financial difficulties at the time he transferred the Ramble Inn Cafe to the Ramble Inn Cafe, Inc. The transfers made Larson essentially judgment proof. The property was transferred to his children in satisfaction of an antecedent debt not evidenced by any writings. The government did not prove that this was a fraudulent conveyance, but resolution of this issue required factual findings by the court. The government's position in asserting that this was a fraudulent conveyance was not unreasonable.

There is no evidence that the government used this litigation to extract unjustified concessions from Julie Ray or for any other prohibited purpose.

The government's position in this action was not unreasonable. Julie Ray's application for litigation costs in this action is denied.