EWING AND THOMAS, P.A., a Florida corporation, **Plaintiff-Appellant,**

v.

Merlin W. **HEYE,** District Director of the Internal Revenue Service, Roscoe L. Egger, Jr., Commissioner, Internal Revenue Service, the United States of America, **Defendants-Appellees.**

No. 85–3760.

United States Court of Appeals,
Eleventh Circuit.

Oct. 30, 1986.

J. Miles Buchman, Tampa, Fla., for plaintiff-appellant.

Michael L. Paup, Chief Appellate Section, Glenn L. Archer, Jr., Thomas R. Lamons, Gilbert S. Rothenberg, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before RONEY, Chief Judge, FAY, Circuit Judge and SIMPSON, Senior Circuit Judge.

SIMPSON, Senior Circuit Judge:

Ewing and Thomas, P.A., filed suit in district court to obtain the release of a federal tax lien which had been filed against its property as well as attorneys fees and costs incurred in administrative proceedings [1] and in district court litigation.

The complaint alleged that the taxpayer had satisfied the obligation secured by the lien but was nevertheless unable to obtain a release of the lien through administrative processes despite the fact that 26 U.S.C. § 6325(a)(1) requires the release of a lien within thirty days of satisfaction. After the suit was filed, the government attorney assigned to the case promptly investigated the taxpayer's complaint and initiated the process through which a release was filed. The taxpayer, after obtaining this partial settlement, refused to stipulate to a dismissal and moved for an award of attorney's fees and court costs pursuant to 26 U.S.C. § 7430 (1984) which authorizes an award of fees and costs to a prevailing taxpayer if certain prerequisites are met, see 26 U.S.C. § 7430(c)(2)(A). The district judge denied the award because he found that the taxpayer had failed to establish that "the position of the United States in the civil proceeding was unreasonable." 26 U.S.C. § 7430(c)(2)(A)(i), 618 F.Supp. 648. The opinion explained that the government had unquestionably acted reasonably since the filing of the complaint and that an unreasonable position assumed by the I.R.S. in the administrative process could not satisfy the requirements of 26 U.S.C. § 7430(c)(2)(A)(i) because the administrative actions were not a "civil proceeding" within the meaning of the statute. Consequently, the district judge dismissed the action. The sole question before the court is whether the district judge correctly determined that the government's position in the administrative proceedings could not be examined to determine the reasonableness of the government's position "in the civil proceeding."

The district court primarily rested its interpretation of § 7430 upon Eleventh Circuit rulings which interpreted former 28 U.S.C. § 2412(d)(1)(A)(1982) a subsection of the former Equal Access to Justice Act (EAJA) which allowed for the award of attorneys' fees incurred by a prevailing party ... "in any civil action ... brought

---

**1.** The taxpayer concedes that costs and attorneys fees may not be awarded for pre-litigation administrative proceedings. (Reply brief pp. 3–4).

by or against the United States ... unless the court finds that the position of the United States was substantially justified...." In *Ashburn v. United States,* 740 F.2d 843, 846–50 (11th Cir.1984) and *White v. States,* 740 F.2d 836, 842 (11th Cir.1984) this court held that the position to be examined in deciding whether to award fees was the government's in-court litigating position. The district court found no reason for reaching a different conclusion in an application for attorneys fees brought under the successor statute, 26 U.S.C. § 7430:

> The Petitioner distinguishes *Ashburn* and *White* on the basis that they were decided under a former provision of the Equal Access to Justice Act, not the Internal Revenue Code. However, there is no apparent basis in this circuit for assuming that the position of the United States in a "civil proceeding" under 26 U.S.C. § 7430 would be interpreted more generously than the position of the United States in a "civil action" under the former 28 U.S.C. § 2412(d)(1)(A)(1982) to include compensation for unreasonable agency action. Indeed, in view of the conflicting case law in analogous situations under seemingly similar federal legislation, this Court concludes that Congress would have been explicit if it had intended to provide attorney fee relief for proceedings prior to the "civil proceedings." (Order pp. 2,3).

■ We have considered all of the taxpayer's arguments in this appeal and found that the court committed no reversible error below. We limit our discussion to the arguments which are supported by case law from other circuit courts. The circuit courts which have reviewed this question are divided. The District of Columbia and the Tenth Circuits agree that the "position of the United States" which must be examined is the government's in-court litigating position. *Baker v. Commissioner,* 787 F.2d 637, 641–42 (D.C.Cir.1986); *United States v. Balanced Financial Management, Inc.* 769 F.2d 1440 (10th Cir.1985). The First and Fifth Circuits, on the other hand, interpret § 7430 as allowing fees in cases in which the I.R.S. has taken an unreasonable stance in administrative proceedings yet acted reasonably in litigation before the district court. *Kaufman v. Egger,* 758 F.2d 1, 3–4 (1st Cir.1985); *Powell v. Commissioner,* 791 F.2d 385, 388–92 (5th Cir.1986). We agree with the District of Columbia and Tenth Circuits.

The Fifth Circuit, which has reached a contrary conclusion in *Powell,* recognizes that Congress had no intention of defining a "civil proceeding" so broadly as to include administrative actions when it limited the application of § 7430 to "any civil proceeding ... brought in a court of the United States" in § 7430(a) or when it referred to the award of "reasonable litigation costs ..." incurred in connection with the "civil proceeding" in § 7430(c)(1)(A)(ii) & (iv). *Powell v. Commissioner,* 791 F.2d at 388–89. That court noted "It is reasonable to assume that the phrase 'civil proceeding' in § 7430(c)(2)(A)(i) ... has the same meaning as it does in § 7430(a)", or in the other subsections cited above, but found that the conclusion "'while reasonable ... is not a necessary conclusion.'" *Powell,* 791 F.2d at 388 *quoting from Finney v. Roddy,* 617 F.Supp. 997, 1000 n. 4 (E.D.Va.1985).

The Fifth Circuit reached its expansive reading of § 7430 by reference to the legislative history of changes which were made in the Equal Access to Justice Act which was amended in 1984 approximately a year after § 7430 was drafted in order to provide that a court must look at " ... the action or failure to act by the agency upon which the civil action is based ..." in deciding whether a fee could be awarded. 28 U.S.C. § 2412(d)(2)(D); 791 F.2d at 389–90. The court attempted to further bolster its conclusion by reference to the fact that the Tenth and District of Columbia cases respectively referred to the government's positions immediately prior to litigation as "within the pale of reason" in *Baker* and "not unreasonable" in *Balanced Financial Management.* We find this discussion totally unconvincing. A reading of *Baker* and *Balanced Financial Management* reveals that neither court relied upon the

"reasonableness" of the I.R.S.'s administrative actions as grounds for its decision. Nor do we find any value in the subsequent legislative history of the EAJA which occurred after the passage of the current § 7430 in 1984. Any argument that the EAJA and the committee comments which were made after the passage of § 7430 constitute nothing more than a request that this court amend the statute because Congress may now consider itself to have imperfectly drafted § 7430 by employing language which is, on its face, contrary to the subsequently expressed intent. An amendment to a statute is clearly a legislative, not a judicial function. We cannot now do what Congress may have wanted to accomplish but has left undone. The First Circuit has made this very mistake in *Kaufman v. Egger*. In that case the court went totally outside the language of § 7430 to hold that fees could be awarded where the taxpayer was driven into court by unreasonable administrators at the I.R.S. 758 F.2d at 4. The court stated that its ruling was "in keeping with Congress' remedial bias in enacting this statute" because it would "frustrate the purpose ..." of § 7430 if the I.R.S. " ... after causing a taxpayer all kinds of bureaucratic grief, at the administrative level could escape attorney's fee liability by merely changing its tune after the initiation of a suit...." *Id.*

We are in accord with the First Circuit in its conclusion that the denial of attorneys' fees and costs in the instant case may well be "unfair". We conclude, however, that § 7430, as drafted by Congress, does not allow for such an award.

The Fifth Circuit may well be correct that it is not a necessary conclusion that "civil proceeding" has the same meaning each time it is used in § 7430. However, we must, of necessity, follow that conclusion in this case as we have been presented with no convincing argument to the contrary. Although the court may disfavor the result reached by Congress in drafting § 7430, we are not free to amend statutes as we see fit. Nor may a court grant attorneys' fees and costs against the

United States in the absence of a congressional or constitutional waiver of sovereign immunity which grants it the authority to do so. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983). In as much as waivers of sovereign immunity must be construed strictly in favor of the sovereign, *Id.*, we must AFFIRM the judgment denying the taxpayer's claim for fees and costs and dismissing the action.

The judgment of the district court is AFFIRMED.