Raymond E. and Carol J.
GEORGE, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 85CV–72225–DT.

United States District Court,
E.D. Michigan, S.D.

May 20, 1987.

Nathan B. Driggers, Herbst, Driggers, Schultz, & Paterson, Troy, Mich., for plaintiffs.

Pamela J. Thompson, Asst. U.S. Atty., Thomas R. Jones, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter comes before the court on plaintiffs' motion for fees and costs pursuant to 26 U.S.C. § 7430. The parties having fully briefed the issues, the court will rule on this motion without conducting a hearing or oral argument. *See* Local Rule 17(*l*)(4).

■ After conducting a non-jury trial, the court found for plaintiffs in an October 15, 1986, opinion and order, and defendant was instructed to pay plaintiffs a tax refund of $23,466.81 from their 1980 windfall profit taxes. Plaintiffs now seek costs and attorney fees in the amount of $25,000 pursuant to 26 U.S.C. § 7430, which authorizes such an award in certain tax cases. Under this statute, for a plaintiff to be entitled to fees and costs he/she must have been the prevailing party, they must have exhausted their administrative remedies, the position of the government must have been unreasonable,[1] and the fees and costs requested must be reasonable. Defendant has conceded for the purposes of this motion that plaintiffs exhausted their administrative remedies, and that plaintiffs have prevailed in this matter. Consequently, the next, and in this case the dispositive, step is to determine if the position of the government has been unreasonable.

*Discussion*

In order to resolve the reasonableness issue, two levels of inquiry must be made. First, it must be determined exactly what conduct of the government should be examined in this regard, and second, after examining the relevant conduct, can it be said that the position of the government was unreasonable?

### I. *Conduct to be examined*

■ 26 U.S.C. § 7430(c)(2)(A)(i) requires that plaintiffs establish "that the position of the United States in the civil proceeding was unreasonable." This language is far from clear, and leaves doubt as to whether only the position of the government after the complaint was filed should be considered, or whether prelitigation conduct is also relevant. A split of authority has developed in answering this question, and the parties in the instant case are also not in agreement. The government argues that its prelitigation conduct should not be examined, while plaintiffs argue that it should.

There are several circuit and district courts which have concluded that prelitigation conduct by the government should be considered in a § 7430 fee determination. *See Kaufman v. Egger*, 758 F.2d 1, 4 (1st Cir.1985); *Powell v. CIR*, 791 F.2d 385, 391–392 (5th Cir.1986); *Rosenbaum v. IRS*, 615 F.Supp. 23, 24 (N.D. Ohio 1985); *Finney v. Roddy*, 617 F.Supp. 997, 1000–1001 (E.D.Va.1985). These courts rely on two basic rationale for their decisions. First, a "fairness" argument is made, essentially stating that it would not be just for the IRS to cause a taxpayer "bureaucratic grief" at the administrative level, but then escape attorney fee liability by becoming "reasonable" after the initiation of a lawsuit. *Kaufman, supra*, 4. Second, analogies are made to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which states that prelitigation conduct should be

---

1. 26 U.S.C. § 7430 was amended in 1986, and pursuant to that amendment, the standard to be applied to the government's position has been changed from "unreasonable" to "not substantially justified." According to Pub.L. 99–514, § 1551(h) (the 1986 amendments), the amended version of § 7430 will apply only to civil actions commenced after 12/31/85. Because the instant complaint was filed on May 17, 1985, the older version of § 7430 applies, therefore the unreasonableness standard is appropriate.

considered in this type of a determination.[2] *See Powell, supra,* 391–392.

On the other hand, several other courts have concluded that prelitigation conduct by the government should play no role in this fee determination. *See United States v. Balanced Financial Management,* 769 F.2d 1440, 1450 (10th Cir.1985); *Baker v. CIR,* 787 F.2d 637, 641–642 (D.C.Cir.1986); *Ewing & Thomas PA v. Heye,* 803 F.2d 613, 615 (11th Cir.1986); *Feinberg v. United States,* 628 F.Supp. 12, 14 (E.D.Pa.1985). These courts read the "in the civil proceeding" language of § 7430(c)(2)(A)(i) to limit the reach of this statute to government conduct after a complaint was filed, and have distinguished the language of the EAJA:

> In this respect, we note, 26 U.S.C. § 7430 differs from the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982). Prior to 1985, circuit courts were split on whether, under the EAJA, the underlying agency action giving rise to the litigation could be considered in evaluating the reasonableness of the government's position. In 1985, Congress responded when it extended and amended the EAJA. While signalling no view on the validity of either interpretation of the statute as originally enacted, Congress provided that henceforth the "position of the United States" would include "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Unlike the original and amended versions of the EAJA, the phrase "position of the United States" in section 7430 is immediately modified by the words "in the civil proceeding," indicating a focus narrower than the EAJA's.

*Baker v. CIR, supra,* 641, n. 8 (citations omitted). These courts conclude that if Congress had wanted prelitigation conduct covered by § 7430, it would have worded the statute accordingly. In addition, these courts also point to considerations of sovereign immunity:

> The Fifth Circuit may well be correct that it is not a necessary conclusion that

"civil proceeding" has the same meaning each time it is used in § 7430. However, we must, of necessity, follow that conclusion in this case as we have been presented with no convincing argument to the contrary. Although the court may disfavor the result reached by Congress in drafting § 7430, we are not free to amend statutes as we see fit. Nor may a court grant attorneys' fees and costs against the United States in the absence of congressional or constitutional waiver of sovereign immunity which grants it the authority to do so. In as much as waivers of sovereign immunity must be construed strictly in favor of the sovereign, we must AFFIRM the judgment denying the taxpayer's claim for fees and costs and dismissing the action.

*Ewing & Thomas, supra,* 615 (citations omitted).

While both of these positions have merit, the court believes that the position against prelitigation conduct being considered is the more compelling. The sovereign immunity discussion from *Ewing & Thomas* is particularly convincing, and the court is not persuaded that the EAJA, with language quite different from § 7430, has that much impact on this question. Indeed, if the EAJA has any impact at all, it is that it provides a strong argument against prelitigation conduct being considered. In 1985, the EAJA was amended to apply to the position of the United States in a civil action and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Clearly, Congress was providing that the EAJA apply to prelitigation conduct by the United States. Section 7430 was amended in 1986, yet no amendment similar to that made in the EAJA occurred. The court reaches the conclusion that Congress, knowing full well the conflict at issue and the wording of the EAJA, chose not to clearly provide in § 7430 that prelitigation conduct by the government was covered. As such, it is not intended that this type of conduct be considered under § 7430, and the court will not consider it either.

**2.** Plaintiffs make no claims for fees under the EAJA in the instant case.

## II. *Evaluation of the Government's Conduct*

■ In § 7430 cases, the burden is on the plaintiff to establish that the government's position was unreasonable, *Feinberg, supra,* 15, and the ultimate decision as to the awarding of fees is in the trial court's discretion. *Randazzo v. Dept. of Treasury,* 581 F.Supp. 1235, 1236–1237 (W.D.Pa.1984), *appeal dismissed,* 751 F.2d 145 (3d Cir.1984); *Feinberg, supra,* 13. While no specific test exists for determining whether conduct is reasonable or not,[3] it has been generally held that the basic question is whether the government's position had a reasonable basis in law and fact. *Giesecke v. United States,* 637 F.Supp. 309, 311–312 (W.D.Tex.1986).[4]

■ A series of cases, while not providing any bright line standards with respect to the reasonableness determination, do provide examples of conduct which is or is not reasonable. For example, where the IRS fails to notify the taxpayer of assessments or proceedings against them, whether this failure to notify is intentional or unintentional, this is considered unreasonable conduct. *Kaufman, supra,* 4; *U.S. v. Larson,* 625 F.Supp. 134, 136 (E.D.Wash. 1985). Similarly, when the government continues to assert a position at trial, even though it knows it is based on an erroneous assumption, this is unreasonable conduct. *Huckaby v. Department of Treasury,* 804 F.2d 297, 299 (5th Cir.1986); *Hallam v. Murphy,* 586 F.Supp. 1, 3 (N.D.Ga.1983). However, simply because the government lost the case does not mean that its position was unreasonable, *Huckaby, supra,* 299;

*Randazzo, supra,* 1237, and if the case in question involved a question of first impression, it is much less likely that the government's position will be found to have been unreasonable. *Huckaby, supra,* 299; *Giesecke, supra,* 312; *Baker v. CIR,* 83 T.C. 822 (1984).

■ With respect to the conduct of the government, plaintiffs allege that five acts by defendant were unreasonable. First, plaintiffs allege that the Internal Revenue Service investigation at issue involved two agents and took twenty-nine months, yet when defendant filed its answer to plaintiffs' complaint it admitted nothing, even though IRS files contained information which defendant stated in its answer it could neither confirm or deny. Defendant responds that at the time the answer was filed its attorneys had not received the IRS investigative files, and it informed plaintiffs of this fact in a letter on July 16, 1985, and assured them that once the files were received, they would stipulate to any facts contained in those files. Defendant further argues that it did just that in the final pretrial order. Defendant's assertions in this regard are not contradicted by plaintiffs, and given these reasons for the government not immediately stipulating to facts, the court cannot conclude that defendant's conduct was unreasonable.

■ Plaintiffs next argue that defendant acted unreasonably when it refused to stipulate in the final pretrial order that plaintiffs had no tax avoidance motives when they aggregated their property with Shell. Defendant responds that it is common not to stipulate to the intent of the opposite party in a given case, and it was not clear

---

**3.** *Riddle v. Secretary of Health and Human Services,* 817 F.2d 1238 (6th Cir.1987), which provides guidance as to what is "substantially justified" under the EAJA, is of no assistance here. The court in *Riddle* was dealing with the substantial justification standard under the EAJA, while the instant case involves the reasonableness standard under a different statute. *See* fn. 1 above. As a result, the *Riddle* court discussed the stricter substantial justification standard and made no attempt to define what was reasonable as the court saw "no reason to ignore the clear legislative intent [under the EAJA] to reject the reasonableness test." At 1243.

**4.** In addition, H.R. 97–404, 97th Cong.2d Sess. 16 (1982), lists several general factors to be

looked at in making the reasonableness determination:

(1) Whether the Government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case,

(2) Whether the Government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and

(3) Such other factors as the Court finds relevant.

*Supra,* 1243.

on the intent of plaintiffs when they unitized their property. It is hard to imagine that plaintiffs' intent could have been to avoid windfall taxes when the Windfall Profit Tax Act was not enacted until after plaintiffs had aggregated their property. However, it is not unreasonable for a party not to want to stipulate to the intent of the opposition prior to trial. Moreover, the government failing to stipulate to this one fact, where even if it did it would still have its major trial argument as to this aggregation resulting in old rather than new oil, does not seem to be conduct of sufficient importance to the entire litigation to justify the imposition of fees and costs.

 Plaintiffs also argue that because defendant had no specific authorities cited in support of its position in the final pretrial order, its entire litigating position was unreasonable. Defendant responds that plaintiffs never objected to this fact, and that this failure to specifically cite was not surprising, as there were no cases or statutes on point. The court agrees with defendant, as there is very little law that bears directly on the particular questions at issue in this case. The most applicable law is the new regulations referred to in the court's earlier opinions,[5] but these regulations were released after the final pretrial order was completed. Given that this case was one of first impression, and in light of the law on these cases and § 7430, the court does not believe that the government's conduct was unreasonable.

 Plaintiffs next argue that after discovery was completed, the government filed an amended answer and counterclaim which was not supported by the facts, and required further discovery by plaintiffs. Defendant responds that plaintiffs were informed of this possibility before the discovery cutoff, and that in any event, the counterclaim stated defendant's position throughout this litigation, that plaintiffs' oil was old rather than new oil. The filing of the counterclaim was not an unreasonable act, as Judge George E. Woods permitted the amendment and the counterclaim to be filed. As to the content of the counterclaim, while it was eventually unsuccessful,

at the time it was filed the outcome was not clear, most likely because this was a case of first impression. As before, the court concludes that the government was not unreasonable in pursuing its theory of the case.

 Finally, plaintiffs argue that defendant's motion to alter/amend judgment, which for the first time mentioned DOE Ruling 1980–3 and the new tax regulations on the windfall profit tax, indicates that defendant's trial position and conduct was unreasonable. Defendant responds that there is nothing wrong with raising new authority in motions to alter/amend, and that the real focus of that motion was the new tax regulations which defendant did not become aware of until after the completion of trial. The filing of a motion to alter or amend judgment is not itself an unreasonable act, and given that the new regulations were extensively discussed in that motion, and the existence of these regulations was not discovered until after trial had been completed, the government's position was not unreasonable.

In short, plaintiffs have not demonstrated that defendant engaged in any conduct that was so unsupported in law or fact that it can be considered unreasonable. The instant case was one of first impression, and the government made the best arguments it thought it could make in favor of its position. The government was entitled to do this, and given the absence of any evidence that the government used its arguments to harass, embarrass, or otherwise unjustifiably hamper plaintiffs' pursuit of their claim, it cannot be said that defendant's position was unreasonable. As a result, plaintiffs have not established all the necessary elements for recovery under § 7430, and they are not entitled to fees and costs.

Accordingly, plaintiffs' motion is DENIED.

SO ORDERED.

---

**5.** 51 Fed.Reg. 34095 (1986), to be codified at 26 C.F.R. § 51.4996–4.