**Eva E. WICKERT, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 86–2573.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1987.

Decided March 22, 1988.

David G. Hartmann, Fremont, Neb., for appellant.

Janet Jones, Washington, D.C., for appellee.

Before LAY, Chief Judge, and HEANEY and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Section 7430 of the Internal Revenue Code, 26 U.S.C. § 7430 (the "Code"),[1] allows a litigant prevailing against the government to recover reasonable litigation costs and attorney's fees if the government's position "in the civil proceeding" was unreasonable. We must determine whether the United States Tax Court, Hon. William M. Fay, correctly construed the section as allowing an award of fees and costs only where the government's in-court litigating position is unreasonable, without regard to the reasonableness of its position or activities at the administrative level. For the reasons discussed below, we affirm the decision of the Tax Court.[2]

## I. BACKGROUND.

By statutory notice of deficiency dated September 20, 1983, the Commissioner of Internal Revenue ("Commissioner") determined deficiencies in appellant Eva E. Wickert's ("taxpayer") federal income tax for 1979 and 1980.

The underlying controversy concerned the characterization of payments made to taxpayer by her former husband Charles R. Wickert (Mr. Wickert), pursuant to a divorce decree. Mr. Wickert deducted these payments as alimony pursuant to Code section 215. Taxpayer, on the other hand, treated the payments as a property settlement and did not include them as income in her returns for the taxable years at issue. Because of the inconsistent treatment of the same item, and in order to avoid a "whipsaw" situation, the Commissioner issued notices of deficiency to both taxpayer and Mr. Wickert, disallowing the deduction to Mr. Wickert and requiring taxpayer to include the payments as income. Taxpayer filed a petition in the Tax Court on December 15, 1983, seeking a determination that she owed no tax. The Commissioner filed a response on February 13, 1984, denying all of taxpayer's factual allegations for lack of information and, in accordance with normal Internal Revenue Service ("IRS") procedure, forwarded the file to the IRS appeals division for possible settlement. Mr. Wickert failed to file a petition within the time provided.

Because it appeared that Mr. Wickert did not intend to contest the Commissioner's disallowance of his claimed alimony deductions, the appeals office determined that consistent treatment of the disputed item could be obtained by allowing taxpayer to exclude the payments from her income, as amounts received in property settlement. The Commissioner thus concluded that litigation of the issue was unnecessary and decided to concede the case to taxpayer.

On February 23, 1984, ten days after the Commissioner filed his answer, the appeals office sent a proposed stipulation to taxpayer, basically stating that there was no deficiency in her federal income tax for the years in issue. This stipulation was executed by taxpayer and returned to the Commissioner for final approval.

By letter dated March 12, 1984, taxpayer's counsel indicated that his client intended to request reasonable litigation costs and attorney's fees in accordance with Code section 7430.

On May 4, 1984, the appeals office informed taxpayer's counsel that the IRS would not agree to an award of attorney's fees. The parties held a conference on May 9, 1984, at which time it was again agreed that the underlying case would be decided in favor of taxpayer; however, the Commissioner continued to refuse to agree to an award of attorney's fees.

On June 28, 1984, taxpayer was informed that since she was now requesting an award of litigation costs, the stipulation she executed and sent to the Commissioner in March 1984 was inappropriate and that the IRS district counsel would prepare an appropriate stipulation for her to execute. Thereafter, the appeals office referred the case to district counsel, indicating (1) that the IRS would concede the alimony issue,

---

1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the tax years at issue herein.

2. 51 T.C.M. (CCH) 1373 (1986).

and (2) that taxpayer intended to pursue the recovery of litigation costs.

Because of the relative novelty of Code section 7430, district counsel had difficulty drafting a document which complied with Tax Court rules.[3] On November 21, 1984, the district counsel forwarded a proposed stipulation of settlement to taxpayer's counsel, in which the IRS reiterated its intent to concede the alimony issue in favor of taxpayer. After some modification by both parties, an executed stipulation was filed with the Tax Court on December 17, 1984. On the same date, taxpayer moved the Tax Court to award attorney's fees in the amount of $4,240.64.

While this case was pending in the Tax Court, the IRS' collection department sent several computer-generated collection notices to taxpayer.[4] Appellant's counsel notified the appeals office and asked that the collection attempts cease, because the case was pending in the Tax Court. Through a computer foul-up, the collection process continued, even though counsel for the IRS repeatedly attempted to stop it.

On July 7, 1986, the Tax Court denied taxpayer's motion for attorney's fees because it found that taxpayer failed to establish that the "[Commissioner's] position in the civil proceeding was unreasonable within the meaning of [Code] section 7430." 51 T.C.M. at 1378. The Tax Court explained that the IRS' in-court litigating position had been clearly reasonable in light of its early decision to concede the case to taxpayer. The Tax Court further indicated that an unreasonable position assumed by the IRS in the administrative process could not satisfy the requirements of Code section 7430(c)(2)(A)(i) because the administrative actions were not "civil proceedings" within the meaning of the statute. *Id.* This appeal followed.

## II. DISCUSSION.

Taxpayer argues that the inquiry under Code section 7430 [5] into the reasonableness of the "position of the United States in the civil proceeding" is not limited to the Commissioner's in-court litigating position, but rather that it properly extends to all actions of the IRS, including actions at the administrative level. Using this proffered test, taxpayer contends that the Commissioner's actions were unreasonable in three respects: (1) the Commissioner had no justifiable legal basis to assess the deficiency because, she asserts, the facts clearly indicated that the payments she received from Mr. Wickert were in the nature of a property settlement; (2) the delay in executing

---

**3.** Section 7430 was enacted on September 3, 1982, as part of the Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97–248, Tit. II, § 292(a), 96 Stat. 572, and applies generally to civil actions or proceedings commenced after February 28, 1983. Section 7430(e) provides that "An order granting or denying an award for reasonable litigation costs * * * shall be incorporated as a part of the decision or judgment in the case and shall be subject to appeal in the same manner as the decision or judgment." Tax Court Rule of Practice and Procedure 231(c) requires that a motion for an award of reasonable litigation costs be accompanied by a stipulation "setting forth the terms of the settlement as to each [issue in the case which has been settled by the parties]." Therefore, a stipulation document must be tailored to allow the incorporation of the order granting or denying litigation costs into the decision or judgment of the Tax Court.

**4.** Taxpayer was also visited at home by a revenue agent in connection with the collection effort.

**5.** Section 7430 provides, in pertinent part:

(a) In general
In the case of any civil proceeding which is—
  (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and
  (2) brought in a court of the United States (including the Tax Court),
the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

\*    \*    \*    \*    \*    \*

(c) Definitions
For purposes of this section—

\*    \*    \*    \*    \*    \*

  (2) Prevailing party
  (A) In general
  The term "prevailing party" means any party to any proceeding described in subsection (a) * * * which—
    (i) establishes that the position of the United States *in the civil proceeding* was unreasonable, * * *.
(Emphasis added.)

the stipulation was unreasonable; and (3) the continued collection efforts were unreasonable.

The circuit courts which have reviewed this question are divided. The District of Columbia, Tenth and Eleventh Circuits have held that only the government's in-court litigating position must be examined. *Baker v. Commissioner of Internal Revenue*, 787 F.2d 637, 641–42 (D.C.Cir. 1986); *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1450 (10th Cir.1985); *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613, 615–16 (11th Cir.1986). The First and Fifth Circuits, however, construe Code section 7430 as allowing fees where the IRS has taken an unreasonable position in either in-court or administrative proceedings. *Kaufman v. Egger*, 758 F.2d 1, 3–4 (1st Cir.1985); *Powell v. Commissioner of Internal Revenue*, 791 F.2d 385, 388–92 (5th Cir.1986). We agree with the District of Columbia, Tenth and Eleventh Circuits that "section 7430 and its legislative history are both literally and sensibly read to cover only costs incurred once litigation commences," *Baker*, 787 F.2d at 641, and that the position of the United States "in the civil proceeding" encompasses only the government's in-court litigating position. *Id.* at 641–42.

Our conclusion is buttressed by the recent congressional activity concerning the re-enactment of Code section 7430. Effective for civil tax actions or proceedings commenced after December 31, 1985, Congress amended Code section 7430(c)(4) to provide that the term "position of the United States" includes

(A) the position taken by the United States in the civil proceedings, and

(B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

Section 1551(e), Tax Reform Act of 1986, Pub.L. No. 99–514, Oct. 22, 1986, 100 Stat. 2085.

By providing in the new statute that the "position of the United States" includes the government's administrative action or inaction as well as its in-court litigating position, Congress has made it clear that the pre-amendment phrase at issue does not include administrative action or inaction. Moreover, these amendments were prospective only. We doubt that Congress would have made the amendments prospective only if it was merely clarifying, rather than modifying, existing law. *See McDonald v. Commissioner of Internal Revenue*, 764 F.2d 322, 340 (5th Cir.1985).

Applying this analysis, we agree with the Tax Court that taxpayer has failed to prove that the in-court litigating position of the United States was unreasonable. The IRS took the position that it was willing to concede the case to taxpayer shortly after filing its answer and it never wavered from that position. This was eminently reasonable. Likewise, we agree with the Tax Court that the delay in executing the stipulation was not unreasonable in light of the circumstances.

We do not consider whether the Commissioner's activities in connection with the initial deficiency determination or the subsequent collection activities were reasonable because they were not part of the IRS' in-court litigating position, but rather occurred at the administrative level.

Accordingly, the judgment of the Tax Court, denying taxpayer reasonable litigation costs and attorney's fees, is affirmed.