**F.M. HUMPHREYS, Executor of the Estate of Roy V. Shrewder, deceased, and First National Bank in Wichita, Executor of the Estate of Dorothy Berryman Shrewder, deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 86–1677–C.

United States District Court, D. Kansas.

Oct. 26, 1989.

**1422**

Jack D. Flesher, Bever Dye Mustard & Belin, Wichita, Kan., for plaintiffs.

Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., David R. House, Trial Atty., Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiffs' motion for taxation and award of costs and attorney's fees pursuant to 26 U.S.C. § 7430 (1986). Plaintiffs filed this action on August 12, 1986, seeking to recover claimed refunds totalling $160,697 with interest which the Internal Revenue Service (IRS) had disallowed. On August 21, 1987, the parties filed a stipulation for entry of judgment against the defendant in the amount of $140,016 with interest. Plaintiffs thereafter filed their motion for costs and attorney's fees.

Section 7430 gives a federal court the discretion to award reasonable litigation costs to the prevailing party and against the United States in an action before it if certain conditions are satisfied. *Feinberg v. United States*, 628 F.Supp. 12, 13 (E.D. Pa.1985). In as much as the statute constitutes a waiver of sovereign immunity, it must be strictly construed. *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613, 616 (11th Cir.1986); *see U.S. v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480, 483 (10th Cir.1987). In a proceeding commenced after December 31, 1985, a taxpayer may be awarded litigation costs only if it is proven that (1) the taxpayer "has substantially prevailed" with respect to either the amount in controversy or the most significant issue(s) presented, 26 U.S.C. § 7430(c)(2)(A)(ii); (2) "the position of the United States in the civil proceeding was not substantially justified," 26 U.S.C. § 7430(c)(2)(A)(i); and (3) the taxpayer has exhausted the administrative remedies available with the IRS, 26 U.S.C. § 7430(b)(1). The United States does not dispute that plaintiffs have satisfied conditions (1) and (3), but it does disagree with its position being unreasonable or without substantial justification.

What constitutes the position of the United States is defined by statute as follows:

> The term "position of the United States" includes—
>
> (A) the position taken by the United States in the civil proceeding, and
>
> (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

26 U.S.C. § 7430(c)(4). This definition was added in 1986 and applies to any amounts paid after September 30, 1986, in proceedings or civil actions commenced after December 31, 1985. It applies to the case *sub judice.*

Plaintiffs construe the above definition to mean that the position of the United States "includes" the administrative action or inaction of the IRS, and cite as authority, *Powell v. C.I.R.*, 791 F.2d 385 (5th Cir. 1986), and *Plowman v. U.S.*, 659 F.Supp. 34 (W.D.Okl.1986). Working from that construction, plaintiffs argue the Service Center lacked justification in failing to process their refund claims, in repeatedly requesting copies of claims and returns when multiple copies had already been submitted, and in disallowing their claims for plaintiffs' refusal to make and send even more copies. Deflecting this effective attack upon the IRS' nonfeasance, defendant argues administrative action or inaction below the level of the District Counsel to the IRS is not encompassed within its "position" as defined by § 7430. The issue for this court to decide is whether the "position of the United States," as used and defined in the 1986 amendments to § 7430, reaches the prelitigation actions or inactions of the IRS occurring prior to the involvement of the District Counsel. The court believes the Tenth Circuit would not adopt the broad construction of § 7430 proposed by plaintiffs.

Prior to the 1986 amendments, § 7430 did not define the term, "position of the United States in the civil proceeding." Circuits were divided over the construction of

this provision. The Eighth, Tenth, Eleventh and District of Columbia Circuits have held that the position of the United States is determined by examining only the government's in-court litigating position. *Wickert v. C.I.R.*, 842 F.2d 1005, 1008 (8th Cir.1988); *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613, 615–16 (11th Cir.1986); *Baker v. Commissioner of Internal Revenue*, 787 F.2d 637, 641–42 (D.C.Cir.1986); *United States v. Balanced Financial Management*, 769 F.2d 1440, 1450 (10th Cir.1985). On the other hand, the First, Fifth, Sixth and Ninth Circuits have taken a less restricted approach holding that the government's position includes that espoused in its prelitigation administrative proceedings. *Comer v. C.I.R.*, 856 F.2d 775, 779–80 (6th Cir.1988); *Sliwa v. C.I.R.*, 839 F.2d 602, 606–607 (9th Cir.1988); *Powell v. C.I.R.*, 791 F.2d 385, 388–92 (5th Cir.1986); *Kaufman v. Egger*, 758 F.2d 1, 3–4 (1st Cir.1985).

The definition added in 1986 has not eliminated the division between the circuits. In *Weiss v. C.I.R.*, 850 F.2d 111 (2nd Cir.1988), the Second Circuit placed itself in the thick of the disagreement by adopting the expansive interpretation preferred by the First, Fifth, Sixth and Ninth Circuits. After noting the absence of a circuit court opinion interpreting § 7430 as amended in 1986, the Second Circuit compared the 1982 and 1986 provisions finding no material difference as to what circumstances constitute the position of the United States. 850 F.2d at 115–16. The court was persuaded by the Fifth Circuit's reasoning in *Powell* and the apparent congressional intent to bring § 7430 in concordance with the parallel terms of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. 850 F.2d at 116. Observing that the EAJA reached agency actions, the Second Circuit concluded:

> Except for the words "District Counsel," the language of the 1986 enactment of § 7430(c)(4)(B) is identical to the formulation used by the EAJA in Title 28 U.S.C. § 2412(d)(2)(D). This further suggests to us that agency action that directly results in litigation, such as the Commissioner's issuance of a deficiency notice in this case, should be considered

in assessing the government's conduct. (citation omitted).

850 F.2d at 116. This quoted portion is the only instance that the Second Circuit specifically referred to the 1986 statutory definition for "position of the United States." Although noting that § 7430 included the language "District Counsel" and that similar language is not found in the EAJA, the Second Circuit placed no significance upon it or upon the obvious congressional intent behind it.

Since the *Weiss* decision, another circuit court has construed § 7430 as amended in 1986 and reached a different conclusion. The Fifth Circuit in *Sher v. C.I.R.*, 861 F.2d 131, 133–34 (5th Cir.1988), implicitly limited its earlier decision in *Powell* to construe only the 1982 version of § 7430, and as to the 1986 amended version of § 7430, it expressly held:

> In reviewing a taxpayer's claim for attorney's fees, courts should examine the position taken by the United States after the District Counsel became involved. This result is consistent with a report of the Joint Committee on Taxation, which stated that "[p]relitigation actions or inaction by the IRS prior to the involvement of the District Counsel are not eligible as components of any attorney's fee award." Staff of the Joint Committee on Taxation, 100th Cong., 1st Sess., "General Explanation of the Tax Reform Act of 1986" 1300 (Comm.Print 1986)
>
> In passing this amendment defining "the position of the United States," Congress established that, in determining whether the position of the IRS was substantially justified, courts can only review the position taken by the IRS after the District Counsel enters the picture. (citations omitted).

861 F.2d at 134. *See also Sher v. C.I.R.*, 89 T.C. 79 (1987), *aff'd*, 861 F.2d 131 (5th Cir.1988) (The Conference Report indicates that the agreement reached was to limit the Senate amendments for a prelitigation agency position to the action or inaction by the District Counsel of the IRS).

The Tax Court followed its *Sher* decision in *Gantner v. C.I.R.*, 92 T.C. 192 (1989),

where it noted that subsequent legislative activity also buttressed its holding in *Sher*. Section 7430 was again amended in 1988 changing subpart (B) to now provide: "the position taken in an administrative proceeding to which subsection (a) applies as of the earlier of—(i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." Pub.L. 100–647, § 6239, 102 Stat. 3743. In discussing this amendment, the Conference Report explained the prior law to be that the government's position began in the civil proceeding unless the IRS district counsel took an earlier position in the administrative proceedings. H.Rept. 100–1104 (Conf.) 225 (1988) (cited in *Gantner v. C.I.R.*, 92 T.C. 192). The *Gantner* court noted that the 1988 amendments were prospective indicating that Congress intended them to modify existing law, rather than to clarify it. 92 T.C. 192.

Plaintiffs' reliance on *Plowman v. U.S.*, 659 F.Supp. 34, is misplaced, as the court there did not construe or apply the 1986 amendments to § 7430. Nowhere in the *Plowman* decision is it expressly stated that the 1986 definition of the government's position includes the conduct of IRS personnel prior to the involvement of the District Counsel. *Plowman* is not persuasive authority on the issue pending here.

This court is convinced the Fifth Circuit's decision in *Sher* and the Tax Court's decision in *Gantner* are better reasoned and more consistent with a strict construction of § 7430 than the Second Circuit's decision and reasoning in *Weiss*. For purposes of determining the position of the United States, the court will examine the actions or inactions taken after the District Counsel became involved in the administrative proceedings or those taken in this judicial proceeding.

Most of plaintiffs' arguments on the lack of substantial justification become irrelevant with this interpretation of § 7430. Plaintiffs primarily contend the government unreasonably failed to process their refund claims and took no action other than to make repeated requests for copies of documents that already had been submitted to them on prior occasions. These allegations concern only the activity of personnel at the Service Center and do not involve the District Counsel. Anticipating the court could rule as it has, the plaintiffs alternatively charge in their reply brief that defendant's answer was not reasonable, since it merely denied the plaintiffs' material allegations for lack of knowledge when the defendant had access to the information submitted by plaintiffs and it should have then determined that the claims were allowable.

■■■ The burden rests with the plaintiffs to prove that the government's position was not substantially justified. *Wickert*, 842 F.2d at 1008; *Feinberg*, 628 F.Supp. at 15. The Supreme Court defined "substantially justified" under EAJA as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This standard is used to judge whether the government's position has a reasonable basis in law and in fact. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir.1988) (EAJA). The legislative history to the 1982 version of § 7430 contains several factors in evaluating the reasonableness of the government's position:

(1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant.

*In re Testimony of Arthur Andersen & Co.*, 832 F.2d 1057, 1060 (8th Cir.1987) (quoting *Kaufman v. Egger*, 584 F.Supp. 872, 878 (D.Maine 1984)). The government's later concession of a plaintiff's claim does not alone establish that its earlier position lacked substantial justification. *Sansom v. U.S.*, 703 F.Supp. 1505, 1508 (N.D.Fla.1988).

Plaintiffs' argument that the defendant's answer takes an unreasonable stance depends upon accepting one or both of the following propositions, neither of which was specifically identified or argued by plaintiffs. First, upon the filing of a plaintiff's complaint the government must immediately investigate and decide before answering whether to concede or pursue the case. Second, at the time of the answer the government is presumed to know, actually and constructively, the facts of the case to the same extent as personnel of the administrative agency.

■ The first proposition is contrary to existing case law. The Eleventh Circuit has held:

> The government should not be compelled to decide immediately upon service of the complaint whether to concede or pursue the case. The Justice Department is entitled to the time reasonable necessary to receive and review the Service's files. If the Justice Department had waited years to concede, or if the issues involved were routine and clear cut, the outcome of the case might be different. But here, the Justice Department waited five months after it had received the files before conceding. The issues involved in the controversy were not simple. We hold that this conduct was reasonable and thus, was "substantially justified."

*Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984). In the present case, the government was granted an extension of time to answer in order that the IRS' files could be obtained and reviewed. The government represents that these files did not include records showing receipt of plaintiffs' claims for refunds, and plaintiffs do not dispute this other than to state that they sent copies on several occasions to the Service Center. The fact that the refund claims and amended tax returns were attached to plaintiffs' complaint does not deprive the government's counsel of a reasonable opportunity for independent review of the matters. *See Kim v. U.S.,* 709 F.Supp. 932, 933 (N.D.Cal.1989).

After the answer was filed, the parties apparently agreed to informal discovery in the nature of an audit of the refund claims. After the audit was completed, the case was settled for $140,016, instead of the $160,697 figure claimed by plaintiffs. Plaintiffs explain this discrepancy as not the result of settlement but "because it was subsequently found that a few of the oil and gas leases, the lease bonuses upon which plaintiffs had claimed percentage depletion, had later expired by their own terms without there having been any production, resulting in relatively small amounts of percentage depletion recapture income, the effect of which was to partially offset the overpayments of tax attributable to the $241,508 of additional allowable deductions." (Dk. 12, p. 8). The court sees nothing unreasonable in denying plaintiffs' claims for lack of knowledge, agreeing to informal discovery and audit, and conceding the claims for the amounts determined in the audit.

■ As to the second proposition, the presumption of knowledge, the plaintiff offers no authority for it. To impose such constructive knowledge upon the Justice Department would circumvent the narrow statutory meaning given to the "position of the United States," and in some instances would place unreasonable demands upon the Department for immediate investigation. Because of the admitted factual grounds for reducing the amount of plaintiffs' refund claims, any presumed knowledge would have been necessarily incomplete and possibly inaccurate. The court believes it is reasonable to deny claims for lack of complete knowledge pending an investigation or audit of the necessary documentation.

Plaintiffs have failed to prove that the government's position first taken in the answer and maintained until the time of settlement was not substantially justified.

IT IS THEREFORE ORDERED that plaintiffs' motion for taxation of costs and attorney's fees is denied.