**In re Earl BURCH, Jr., d/b/a Burch Aircraft Maintenance, Debtor.**

**Earl BURCH, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 92–70381.**
**Adv. No. 92–7033.**

United States Bankruptcy Court,
E.D. Oklahoma.

Oct. 27, 1993.

James A. Conrady, Okmulgee, OK, for Earl Burch, Jr.

John D. Russell, Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

### *ORDER*

JOHN TeSELLE, Bankruptcy Judge.

On this 25th day of October, 1993, the Application for Award of Costs and Attorney Fees filed by the Plaintiff on June 23, 1993

(Docket Entry No. 30); United States of America's Opposition to Plaintiff's Application for Award of Costs and Attorney Fees filed July 14, 1993 (Docket Entry No. 32); and Plaintiff's Amended Application for Award of Costs and Attorney Fees filed September 29, 1993 (Docket Entry No. 36) came before this Court for consideration.

After consideration of the pleadings presented, arguments of counsel received at the hearing held by this Court in the matter on August 13, 1993, and a review of the file, including the Order entered herein by the Court on May 24, 1993 following trial conducted on May 14, 1993 before the late Honorable James E. Ryan, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with Rule 7052, Fed.R.Bankr.P., in this 28 U.S.C. § 157 core proceeding:

### STATEMENT OF THE ISSUE

The pleadings and applicable law give rise to the following issue: Whether the position of the United States of America, ex rel. Internal Revenue Service, was "substantially justified" under 26 U.S.C. § 7430 so as to preclude an award of attorney's fees and costs to the prevailing party; i.e., Plaintiff herein.

### FINDINGS OF FACT

1. On May 14, 1993, a trial was conducted before Judge Ryan on a Complaint filed by Earl Burch, Jr., d/b/a Burch Aircraft Maintenance (hereinafter referred to as "Burch") to determine Burch's tax liability and the dischargeability of certain taxes assessed versus Burch by the Defendant, United States of America, ex rel. Internal Revenue Service (hereinafter referred to as "IRS").

2. Judge Ryan entered an Order and Judgment finding that Burch, although a "responsible person" under 26 U.S.C. § 6672 for corporate employment taxes, had not wilfully failed to collect, truthfully account for or pay over taxes withheld from employees of the corporation. Therefore, Judge Ryan ruled that the taxes owed by Burch were dischargeable under 11 U.S.C. § 507(a)(7)(C) and § 523(a)(1)(A).

3. Burch has now filed an Application for Award of Costs and Attorney Fees pursuant to 26 U.S.C. § 7430 which provides that "In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest or penalty under this title, a prevailing party may be awarded a judgment ... (2) [for] reasonable litigation costs incurred in connection with such court proceeding."

### CONCLUSIONS OF LAW

A. The Plaintiff herein bears the burden of establishing that he is entitled to recovery of attorney fees and costs. See *Kenagy v. United States,* 942 F.2d 459 (8th Cir.1991).

■ B. Burch must establish that he is a "prevailing party" under 26 U.S.C. § 7430(c)(4)(A) in order to recover reasonable litigation costs, including attorney's fees. Therefore, Burch must establish: (1) that the position of the United States was not substantially justified; (2) that the Plaintiff substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) had a net worth which did not exceed $2 million at the time the proceeding was commenced. 26 U.S.C. § 7430(c)(4)(A).

The Court takes judicial notice of the bankruptcy schedules filed herein which establish that Burch's net worth was not in excess of $2 million, and of Judge Ryan's Order filed May 24, 1993 which establishes that Burch was the prevailing party with respect to the most significant "issue presented" to the Court in this adversary. Thus, the determinative issue is whether the position of the IRS was "substantially justified" in this dischargeability proceeding.

■ C. The Court finds that, under all the circumstances herein, the determinative factor before Judge Ryan was whether the Plaintiff, a responsible person within the meaning of 26 U.S.C. § 6672, had willfully failed to pay over employment taxes. This presented a fact question for the Court to determine from all the evidence offered. As is apparent from review of Judge Ryan's

May 24, 1993 Order, the position of the IRS, while not found to be legally correct, was substantially justified. The matter was highly contested with the result appearing to be uncertain until the presentment of all evidence before the Court. Where, as here, unexplained facts offer support for the position of the IRS and the outcome depends upon the Court's resolution of the credibility of witnesses, the position of the IRS is "substantially justified;" i.e., reasonable. See *Creske v. Commissioner of Internal Revenue Service,* 946 F.2d 43 (7th Cir.1991). The government's position is not unreasonable simply because it loses its case. *George v. United States,* 666 F.Supp. 962 (E.D.Mich. 1987); *also see Oliver v. United States,* 921 F.2d 916 (9th Cir.1990) holding that the government's position in attempting to collect payroll taxes from corporate directors for willful failure to pay over income and Social Security taxes withheld from employees was "substantially justified."

Therefore, the Application for Award of Costs and Attorney Fees and Amended Application for Award of Costs and Attorney Fees filed by Plaintiff are **denied** for the reasons set forth herein.