**Joo T. KIM and Ruby O. Kim, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C–88–1149–FMS.**

United States District Court, N.D. California.

April 12, 1989.

J. Richard Johnston, Johnston, Horton & Roberts, Oakland, Cal., for plaintiffs.

Jay R. Weill, Asst. U.S. Atty., for U.S.

## ORDER

FERN M. SMITH, District Judge.

This matter came on for hearing on the plaintiff's application for an award of attorney's fees pursuant to 26 U.S.C. section 7430(a). For the reasons more fully discussed below, the motion is DENIED and this action is DISMISSED.

The complaint for a tax refund was filed by Joo Kim and Ruby Kim (collectively, the Kims) on March 29, 1988. The issues in the case involved the exchange of property, which all parties now agree qualified for tax-deferred treatment. The Kims' 1980 tax return for that year reported a negative net income, no income tax liability, and a self-employment tax of $612.00. In April of 1984, the Commissioner of the Internal Revenue issued a notice of deficiency for the 1980 tax year. The Kims' did not file a petition in the Tax Court, and the IRS assessed additional tax, penalties and interest totalling $112,145.92. The Kims paid the full amount, and their attorney filed a claim for a refund in September of 1986. Between this time and the filing of the complaint, a number of letters were exchanged between the Kims and the IRS. Ultimately, the IRS denied the claim for refund, and the Kims filed a complaint in this Court.

On April 8, 1988, the United States Attorney's Office requested the IRS District Counsel send to their Office the administrative file and the position of the IRS. Although the United States Attorney's Office obtained a copy of the administrative file, it had not received the defense letter, and

therefore, filed its Answer through a general denial. On September 21, 1988, the Kims filed a motion for summary judgment. Finally, on September 28th, the defense letter was sent to the United States Attorney's Office recommending the case be conceded. The United States Attorney's Office concurred, and requested that the Tax Division of the Department of Justice agree to concede the case. On November 2nd, the Tax Division agreed to concede the case, and the IRS was instructed to issue a refund.

■ While plaintiffs' motion for an award of litigation costs is phrased in relatively broad terms, the essence of their claim is that the Answer to the complaint herein was a position of the United States, not reasonably justified, thereby entitling the plaintiffs to attorney's fees pursuant to Title 26 U.S.C. section 7430. The Government implicitly concedes that plaintiffs have exhausted their administrative remedies and that they are the prevailing party, but argues that the position taken by the government, if any, was substantially justified, thereby disallowing attorneys fees.

Plaintiffs filed their civil suit March 29, 1988, and the Government answered on June 23, 1988, denying the principal allegations based on a lack of information and belief. Section 7430(c)(4) requires that a "position of" the United States includes action or inaction on the part of the District Counsel, either during the civil proceeding or during the prior administrative process.

Here, there was no pre-filing involvement by District Counsel. Once the District Counsel was notified of the civil proceedings, it had three options: 1. file an Answer; 2. seek an extension of time in which to answer; 3. concede the case based upon the complaint. The Government's decision was to file an Answer which, in and of itself, imposed no unreasonable burden on the plaintiffs or the Court.

Assuming that the Answer was a "position", we must still determine whether it was substantially justified. Plaintiff contends that it was not, because all the necessary information needed to evaluate the claim was included with the complaint and attachments thereto.

This Court is not aware of any standards of law or equity that require an attorney to concede a client's case based on the opposing parties' papers and without some reasonable opportunity for independent review. The fact that the client is a government agency neither enlarges nor constrains those rights and/or obligations. This does not mean, however, that such review may be used as a litigation tactic to unduly delay, harass or prejudice the taxpayer.

In this case, the entire process, from the date the complaint was filed until formal concession by the United States, took slightly over seven months. In view of the lengthy background, the amount of the claim, and the normal bureaucratic redtape, that amount of time seems neither unusual nor unreasonable. Plaintiffs have the burden of proof on this issue and have failed to meet it. The Court finds that the filing of an Answer was a position of the United States and that, under the facts of this case, it was substantially justified. Therefore, plaintiffs' motion for attorneys fees is DENIED.

In the interests of judicial economy, however, this Court also addresses the issue of reasonable litigation expenses in the event that further proceedings in this matter are sought.

■ The Government has objected to the fees sought on the grounds that the hourly claimed fee of $150.00 exceeds the statutory limit allowed under section 7430(c)(1)-(A)(ii)(III), and that the number of hours claimed was excessive. This Court finds that the number of hours claimed (40.90) was reasonable. This Court does agree, however, that the hourly claimed rate of $150.00 per hour is not justified or authorized. We presume that Congress was aware that the prevailing rates for tax attorneys in metropolitan areas normally exceed $75.00 per hour. Consequently, there must be a showing of 'special' circumstances warranting a higher award. Plaintiffs have not shown that any special factor justifies a higher rate in this case.

*See Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988). This Court, therefore, finds that the appropriate hourly rate in this case would be the usual statutory limit of $75.00 per hour. Had the Court found in Kims' favor on the merits, the award of attorney's fees would have been $3,067.50, representing 40.90 hours billed at an hourly rate of $75.00.