T.C. Memo. 1995-527


UNITED STATES TAX COURT


BARBARA KAHN-LANGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18238-94.            Filed November 7, 1995.


Barbara Kahn-Langer, pro se.

<u>Patricia Montero</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before

the Court on petitioner's Motion for Litigation and

Administrative Costs, pursuant to section 7430 and Rule 231.[1]

--------

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code.  All Rule references are to the Tax
                                        (continued...)

At the time of filing the petition herein, petitioner resided in Scotts Valley, California.

The underlying claim which gave rise to the present dispute involved the classification of certain payments received by petitioner during 1990 from her former husband, Lloyd Leichter (Leichter), pursuant to a stipulated judgment of divorce. An attachment to the judgment was signed by the judge on June 4, 1990, and filed by the Superior Court of California, County of Santa Clara, on June 11, 1990. This four-page document includes the amounts Leichter agreed to pay to petitioner. Specifically, it reads:

> The previous spousal support award of
> $1,600.00/month shall remain in force until and unless
> further court order. Additionally, [Leichter] shall
> pay to [petitioner] $1,000.00/month in child support
> until Tia graduates from high school or July 1, 1989,
> whichever occurs last. The amount of [petitioner's]
> spousal support shall increase by $1,000.00/month for a
> period of twelve years (144 months). This increase
> shall not be modifiable nor shall such payment by
> [Leichter], or receipt by [petitioner] be used by
> [Leichter] as grounds for reduction of spousal support,
> nor shall said $1,000.00 amount be includable as income
> on any future request for response to modify the amount
> of spousal support. The court shall reserve
> jurisdiction over the issue of spousal support payable
> to the parties.

Attached to the document is a promissory note which obligates Leichter to pay $108,000 to petitioner in order to equalize their community property interests "in the form of additional spousal

---

[1](...continued)
Court Rules of Practice and Procedure.

support beginning on or about July 1, 1989, and continuing to each month thereafter for a period of twelve years at the rate of $1,000.00 a month."  The promissory note is not referenced in the stipulated judgment or attachment thereto.  The original note attached to the judgment was not signed by Leichter.  The terms of the note require payment in full on the earlier of July 1, 2001, or within 60 days from notice of the death of petitioner. The note also indicates that petitioner "is willing to absorb and incur the tax liability, if any, associated with spousal support payments."

Petitioner reported alimony received from her former husband in the amount of $12,300 on her 1990 Federal income tax return. Leichter claimed a deduction for alimony paid to petitioner on his 1990 Federal income tax return in the amount of $24,472.

An initial examination of the divorce decree at the Superior Court of California revealed that the note attached to the divorce decree was unsigned.  When Leichter was questioned about the unsigned note, he indicated that he did not recall signing the note, nor did he believe it to be part of the divorce decree. Leichter apparently contends that the payments were alimony and the note was not part of the divorce decree.

At a later date, respondent was presented with a copy of the promissory note bearing what purports to be Leichter's signature. The date next to the signature is June 29, 1990.  It is not clear from the record when respondent actually received this

information.  Attached to petitioner's motion for litigation and administrative costs is a letter dated April 23, 1994, addressed to respondent's representative.  The letter reflects that a facsimile was sent to respondent on April 22, 1994, which included a copy of the promissory note and the judgment of divorce.

In a statutory notice of deficiency, dated September 30, 1994, respondent determined that petitioner failed to report alimony income in the amount of $12,152.  Respondent also determined a penalty pursuant to section 6662(a) in the amount of $359.20.  Petitioner filed a petition with the Court seeking a redetermination of the deficiency on October 6, 1994.  Respondent filed her answer on November 30, 1994.  The parties, on June 9, 1995, filed a Stipulation of Settlement which reflected their agreement to all issues in the case.  The document reflects no deficiency or "addition to tax" pursuant to "section 6662" for 1990.[2]  Petitioner requests this Court to award her reasonable administrative and litigation costs in the amount of $2,626.

In general, section 7430(a) allows a taxpayer who is a prevailing party in a civil tax proceeding to recover reasonable administrative and litigation costs incurred in such proceeding.

---

[2]  Initially this document was entered as a stipulated decision on Mar. 31, 1995.  By order dated June 9, 1995, the Court vacated the decision and filed said document as a Stipulation of Settlement in order to permit the filing of petitioner's motion for litigation and administrative costs.

Petitioner bears the burden of proving that she is entitled to the claimed costs. Rule 232(e); Rutana v. Commissioner, 88 T.C. 1329, 1332 (1987). To achieve this end, petitioner must demonstrate (1) that she has exhausted the administrative remedies available to her within the Internal Revenue Service (IRS), sec. 7430(b)(1), (2) that she is the prevailing party, sec. 7430(a), and (3) that she did not unreasonably protract the proceedings, sec. 7430(b)(4). Respondent concedes that petitioner exhausted her administrative remedies and did not unreasonably protract the proceedings. Therefore, to be awarded reasonable administrative and litigation costs, petitioner must prove that she is the prevailing party.

A prevailing party is one who (1) establishes that respondent's position was not substantially justified; (2) substantially prevailed with respect to the amount in controversy, or with respect to the most significant issue or set of issues presented; and (3) has a net worth which does not exceed $2 million at the time the civil tax proceeding commences. Sec. 7430(c)(4).

Respondent argues that petitioner has not demonstrated that she is a prevailing party within the meaning of section 7430(c)(4)(A). Specifically, respondent contends that petitioner has not satisfied the net worth requirements pursuant to Rule 231, nor has she demonstrated that respondent's position was not

substantially justified.[3] Petitioner argues that respondent's position was not substantially justified because the payments she received were not alimony within the meaning of section 71. Petitioner asserts that the payments were not alimony because they were made in accordance with the terms of a promissory note which provided that the payments would continue after her death.

First we must determine whether petitioner has met her burden of proving that respondent's position in the civil proceeding was not substantially justified. For purposes of administrative costs, respondent's position is measured as of the earlier of the date of the taxpayer's receipt of the IRS Office of Appeals notice of decision or the date of the notice of deficiency. Sec. 7430(c)(7)(B). Since there was no notice of decision from the IRS Office of Appeals, we must look to the date of the notice of deficiency. Id. The notice of deficiency in this case is dated September 30, 1994. Thus, we will consider respondent's position as of this date in determining whether we will award petitioner administrative costs.

For purposes of litigation costs in a judicial proceeding, "the Commissioner initially takes a position on the date she files her answer in response to the petition." Lockett v. Commissioner, T.C. Memo. 1994-144 (citing Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part,

_____

[3] Respondent concedes that petitioner substantially prevailed in the litigation.

revg. in part on other grounds and remanding T.C. Memo. 1991-144); Han v. Commissioner, T.C. Memo 1993-386. Respondent filed her answer on November 30, 1994. Thus, we will consider respondent's position as of this date in determining whether to award petitioner litigation costs. Respondent's position, namely that petitioner failed to recognize certain payments received from her former husband as alimony, did not change between September 30 and November 30, 1994.

In determining whether respondent's position was substantially justified on each of these dates, we will consider the basis of respondent's position and the manner in which respondent maintained that position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Factors which may be considered include:

> (1) whether the government used the costs and expenses
> of litigation against its position to extract
> concessions from the taxpayer that were not justified
> under the circumstances of the case, (2) whether the
> government pursued the litigation against the taxpayer
> for purposes of harassment or embarrassment, or out of
> political motivation, and (3) such other factors as the
> Court finds relevant. [Sher v. Commissioner, 89 T.C.
> 79, 85 (1987) (quoting H. Rept. 97-404, at 12 (1981)),
> affd. 861 F.2d 131 (5th Cir. 1988).]

A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988). Additionally, the position must have a reasonable basis both in law and in fact. Id.

We first examine the basis for respondent's position in the instant case. Respondent based the deficiency on several grounds: (1) Inconsistent positions were taken on petitioner's and Leichter's Federal income tax returns with respect to the same payments; (2) the promissory note which extended payments beyond the death of petitioner was not incorporated into the divorce decree; and (3) the original promissory note which is part of the records of the Superior Court of California was not signed.

In general, section 71 mandates the inclusion of alimony in the recipient's gross income, and section 215 allows the payor to deduct the same from gross income. Secs. 71(a), 215(a), 62(a)(10). Section 215(b) defines an "alimony or separate maintenance payment" as a payment defined in section 71(b) includable in the gross income of the recipient under section 71.[4] Sec. 215(b). Generally, alimony includes payments between spouses or former spouses, pursuant to a written instrument or

_____

[4] Sec. 215 provides as follows:

SEC. 215(a). General Rule.--In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year.

(b) Alimony or Separate Maintenance Payments Defined.--For purposes of this section, the term "alimony or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71.

decree of divorce, that cease after the death of the payee spouse.  Sec. 71(b).

Petitioner argues that, because the note obligates Leichter to make payments beyond the death of petitioner, it is clear that these payments were not alimony.  Petitioner concludes, therefore, that respondent's position was unreasonable. Respondent contends that her position was reasonable under the circumstances.

In this case, respondent acted reasonably in raising the issue of whether the parties intended the payments to be alimony. The fact that the attachment to the judgment of divorce did not incorporate the promissory note by reference, coupled with respondent's uncontested assertion that the original note was unsigned, and that the parties had taken inconsistent positions on their returns, reasonably led respondent to question the nature of the payments.

Petitioner cites <u>Cunningham v. Commissioner</u>, T.C. Memo. 1994-474, and <u>Stokes v. Commissioner</u>, T.C. Memo. 1994-456, for the proposition that payments made to a former spouse that extend beyond the former spouse's death are not alimony payments, and, thus, are not deductible under section 215.  Section 71(b)(1)(D) provides that an alimony payment is--

> any payment in cash if * * * there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Although petitioner is correct that payments which continue after the recipient's death are not alimony, she does not address the reasonableness of respondent's position considering these facts and circumstances.

Petitioner has not demonstrated that respondent's position was not substantially justified. Petitioner has not proved that respondent's position lacked a reasonable basis in fact or law at the time the notice of deficiency was issued or the answer was filed, in light of the information then available to respondent. In fact, the record fails to detail the events that occurred which led to respondent's eventual concession of this case.

Consequently, petitioner is not a prevailing party as defined in section 7430(c)(4). As a result of this holding, we need not address the question of whether petitioner has satisfied the other requirements of section 7430. Petitioner is not entitled to an award for reasonable administrative and litigation costs.

To reflect the foregoing,

An appropriate order and decision will be entered.