PAN PACIFIC TRADING CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pan Pac. Trading Corp. v. Commissioner
Docket No. 23729-91
United States Tax Court
T.C. Memo 1994-101; 1994 Tax Ct. Memo LEXIS 103; 67 T.C.M. (CCH) 2374; March 14, 1994, Filed *103 For petitioner: William P. Shannahan and Charles H. Dick Jr.
For respondent: June Y. Bass. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on petitioner's Motion for Award of Reasonable Litigation and Administrative Costs filed pursuant to section 7430 and Rule 231. The substantive issues in this case *104 were conceded by respondent before trial. The only issue remaining for decision is whether petitioner is entitled to an award of administrative and litigation costs. In order to resolve this issue we must decide whether respondent's position was substantially justified. If respondent's position was not substantially justified, then we must also decide: (1) Whether, in view of section 7430(e), petitioner substantially prevailed; (2) whether petitioner unreasonably protracted the proceedings in this case; (3) whether petitioner satisfied the applicable net worth requirements; and (4) whether the amount of costs claimed is reasonable. [2]
In accordance with Rule 232, the parties have submitted affidavits, declarations, and memoranda supporting their positions. Neither party requested an evidentiary hearing. We decide the matter before us based on petitioner's *105 motion, respondent's objection to petitioner's motion, petitioner's response to respondent's objection, and the affidavits, declarations, and exhibits provided by the parties. See Rule 232(a)(3). Background
Petitioner is a California corporation whose principal office was located in San Diego, California, at the time its petition was filed with the Court. During the period of time relevant to this case, petitioner had only two shareholders, namely, Tize-Shun Tan, who owned 97 percent of petitioner's stock, and Richard Tan, his son, who owned the remaining 3 percent. After conducting an examination (the examination) to determine the tax liabilities of petitioner and the Tans, respondent issued four notices of deficiency. Two notices were sent to petitioner, the third notice was sent to Tize-Shun Tan, and the fourth notice was sent to Richard Tan. [3]
*106 By notice dated July 18, 1991, respondent determined deficiencies in, and additions to, petitioner's Federal withholding taxes for the taxable years ended December 31, 1986 and December 31, 1987, as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6656(a)
1986
$  7,797
$   1,949
$  390
[1]
$  780
1987
1,268,389
317,097
63,419
[2]
126,839
Petitioner disputes this determination and petitioned this Court. By a second notice dated July 18, 1991, respondent determined deficiencies in petitioner's Federal income taxes for its taxable year ended October 31, 1987, and its short year ended December 31, 1987, in the aggregate amount of $ 1,022,307, exclusive of additions to tax. Petitioner does not dispute the income tax determination to this Court. Both the withholding tax determination and the income tax determination related to alleged commission payments claimed by petitioner as deductible expenses on its relevant income tax returns. Thus, respondent's determination of the deficiencies in *107 income taxes resulted from respondent's disallowance, for lack of substantiation, of the deductions for commission expense claimed by petitioner under section 162. [4] The deficiencies in withholding tax resulted from respondent's alternative determination that the payments claimed as commission expense would, if substantiated, constitute "items of income" subject to the withholding tax provisions set forth in sections 1441, 1442, and 1461. Essentially, those sections require that a specified percentage [5] of each payment made to nonresident aliens or to foreign corporations or foreign partnerships be withheld by the payor as tax. Both before the notice of deficiency in this case was issued and in its petition to this Court, petitioner asserted that the commissions in question were not subject to withholding under sections 1441, 1442, and *108 1462 because the commissions were paid to nonresident alien individuals, foreign partnerships, or foreign corporations for services rendered outside the United States. [6] Petitioner subsequently asserted that the commissions were not subject to withholding because if the commissions were paid to petitioner's majority shareholder, as respondent now maintains, Tize-Shun Tan's U.S. citizenship would insulate petitioner from application of the withholding requirements. [7]
On October 16, 1992, a notice of deficiency was issued to Tize-Shun Tan (Mr. Tan). The notice determined deficiencies in Mr. Tan's joint income tax for the calendar years 1987 and 1988. The deficiencies reflected respondent's alternative determination that the payments *109 claimed by petitioner as deductible commissions were actually constructive dividends to Mr. Tan, and therefore taxable to him, if he were subject to direct taxation by the United States. [8] Mr. Tan was, in fact, a U.S. citizen, having been naturalized sometime in 1983 or 1984. Despite Mr. Tan's U.S. citizenship, an international tax plan prepared for petitioner by Price Waterhouse in November 1987, was predicated upon Mr. Tan's being a Taiwanese national. Additionally, the international examiner (the examiner) who assisted in the investigation of petitioner's foreign transactions received conflicting reports about Mr. Tan's citizenship status from those individuals whom he interviewed. Mr. Tan appealed from the October 16, 1992, notice of deficiency and filed a petition with this Court on January 11, 1993. The petition alleged that Mr. Tan was a citizen of the United States. In her answer, *110 filed on March 12, 1993, the respondent denied this allegation for lack of information sufficient to justify a belief. As previously indicated, petitioner did not petition the Court for a redetermination of its income tax liability, but did petition the Court for a redetermination of its withholding tax liability. Two years after filing its petition, and immediately following a telephone conference with a Judge of this Court on April 23, 1993, petitioner provided respondent with Mr. Tan's immigration number and date of birth. Based on this information, respondent was able to confirm, by contacting the Immigration and Naturalization Service of the Department of Justice (INS), that Mr. Tan was in fact a U.S. citizen during the relevant period of time. [9] Immediately thereafter, on April 28, 1993, respondent conceded that no withholding tax or additions to tax were due from petitioner for either of the 2 taxable years in issue. *111 Discussion
Section 7430(a) provides that the prevailing party may be awarded a judgment for (1) reasonable administrative costs incurred in connection with an administrative proceeding with the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with a court proceeding. Congress enacted section 7430 in 1982, Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 572, and amended it most recently by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3746, applicable to proceedings commenced after November 10, 1988. Because both the administrative proceeding and the court proceeding in this case commenced after November 10, 1988, we apply section 7430 as amended by TAMRA. A judgment may only be awarded under section 7430(a) if a taxpayer: (1) Was the "prevailing party"; (2) exhausted the administrative remedies available to the taxpayer within the Internal Revenue Service; and (3) did not unreasonably protract the proceedings. Sec. 7430(a), (b)(1), (4). We understand respondent to concede that petitioner exhausted its administrative remedies. *112 In order to qualify as the "prevailing party", a taxpayer must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) the taxpayer has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer satisfies the applicable net worth requirements. Sec. 7430(c)(4)(A). Finally, if a taxpayer qualifies as the prevailing party, only administrative and litigation costs which are reasonable in amount and reasonably incurred may be awarded. Sec. 7430(a), (c)(1) and (2). We begin with whether respondent's position was substantially justified. Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e); Dixson Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). As originally enacted, section 7430 required that a taxpayer establish that the position of the United States was unreasonable. In 1986, Congress adopted the standard applicable *113 to the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412 (1988), by changing "unreasonable" to "not substantially justified". Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2752; see H. Conf. Rept. 99-841, at II-801 (1986), 1986 C.B. (Vol. 4) 1, 801. The purpose of the amendment was to conform section 7430 more closely to EAJA. H. Rept. 99-841, supra at II-801, 1986-3 C.B. (Vol. 4) at 801. We have consistently held that the "substantially justified" standard is not a departure from the "reasonableness" standard. E.g., Sokol v. Commissioner, 92 T.C. 760, 763-764 n.7 (1989); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The "substantially justified" standard is thus a reasonableness standard. Accordingly, a position is "substantially justified" if the position is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988) (construing similar language in EAJA). *114 A position which merely possesses enough merit to avoid sanctions for frivolousness will not satisfy this standard; rather, it must have a "reasonable basis both in law and fact". Id.; see, e.g., Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992); Rickel v. Commissioner, 900 F.2d 655, 665-666 (3d Cir. 1990), affg. in part and revg. in part 92 T.C. 510 (1989). In deciding whether the Commissioner's position was substantially justified, the Court will consider not only the basis of the Commissioner's legal position, but also the manner in which the Commissioner maintained that position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The legislative history of section 7430 sets forth some guidelines for determining whether the Commissioner's conduct was unreasonable: The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include, *115 (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * * [H. Rept. 97-404, at 12 (1981).]
The fact that the Commissioner eventually loses or concedes a case is not, in and of itself, sufficient to establish that the Commissioner's position was not substantially justified. Sher v. Commissioner, 861 F.2d 131, 134 (5th Cir. 1988), affg. 89 T.C. 79 (1987); Sokol v. Commissioner, supra;Wasie v. Commissioner, supra;Baker v. Commissioner, 83 T.C. 822, 828 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). However, the Commissioner's concession does remain a factor to be considered. Powers v. Commissioner, 100 T.C. 457, 471 (1993). *116 The reasonableness of the Commissioner's position necessarily requires considering what the Commissioner knew at the time. Cf. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). As relevant herein, the position of the United States which must be examined against the substantial justification standard with respect to the administrative proceeding is the position taken by respondent as of the date of the notice of deficiency. Sec. 7430(c)(7)(B). The position of the United States which must be examined against the substantial justification standard with respect to the judicial proceeding is the position taken by respondent in her answer to the petition. Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991); Sher v. Commissioner, 861 F.2d 131, 134-35 (5th Cir. 1988), affg. 89 T.C. 79 (1987). It is respondent's concession that no deficiency in withholding taxes exists that forms the basis of petitioner's claim for reasonable administrative and litigation costs. Petitioner *117 posits that it is a prevailing party under section 7430 on the ground that respondent's position was not substantially justified because information available to respondent would have permitted her to conclude that petitioner's principal shareholder was a citizen of the United States and that no withholding tax was therefore due from petitioner. Respondent counters that petitioner is not the prevailing party, even though respondent conceded the entire deficiency before trial. Respondent maintains that her position was substantially justified throughout both the administrative proceedings and the court litigation. She asserts that a concession prior to the time petitioner furnished the information necessary for respondent to verify Mr. Tan's citizenship with the INS would have been premature. The underlying substantive issue in this case was whether petitioner was liable, under section 1462, for taxes required to be withheld under sections 1441 and 1442. In its income tax returns for the relevant periods, petitioner claimed deductions for commissions purportedly paid to nonresident alien individuals or to foreign corporations or foreign partnerships. [10] Respondent determined that *118 those deductions were unsubstantiated and issued a notice of deficiency (the income tax notice) disallowing them. Petitioner did not contest the income tax notice by filing a petition with this Court. At the same time, respondent issued a notice of deficiency (the withholding tax notice) in which she determined alternatively that the purported payments to nonresident alien individuals or to foreign corporations or foreign partnerships were subject to the withholding requirements of sections 1441 and 1442. In its petition (the petition) to this Court, petitioner contested respondent's deficiency determination set forth in the withholding tax notice. Specifically, petitioner alleged that payments made to nonresident alien individuals or to foreign corporations or foreign partnerships had been made for services performed outside the United States. Income from sources without the United States is not subject *119 to withholding. Sec. 1.1441-3(a), Income Tax Regs. Accordingly, if, as alleged in the petition, the purported payments had been made for services rendered outside of the United States, those payments would not have been subject to the withholding requirements of sections 1441 and 1442 (withholding requirements). Petitioner's motion for an award of costs is premised on the view, expressed in petitioner's Response to Respondent's Notice of Objection, that "The entire case of the Respondent in this matter was based upon the erroneous assumption that the majority shareholder of Petitioner, Mr. T.S. Tan, was not a citizen of the United States." Based on that premise, petitioner then argues that respondent had a duty to determine Mr. Tan's citizenship. Respondent's initial position was articulated in the withholding tax notice issued to petitioner. She explained the adjustment as follows: You have claimed (but not substantiated) income tax deductions for commissions paid to nonresident alien individuals or foreign partnerships and to foreign corporations. Such commissions would constitute "items of income", within the meaning of Internal Revenue Code sections 1441(a) and 1442(a), *120 which are subject to the respective withholding taxes provided for in said sections. Pursuant to Internal Revenue Code section 1461, you are liable for the withholding tax which you were required to deduct and withhold on any commissions you paid to nonresident alien individuals or foreign partnerships and foreign corporations.
This position, also adopted in respondent's answer to the petition, was justified based on the deductions for commissions claimed by petitioner on its income tax returns, the relevant law, and the information known to respondent at the relevant times. It is well established that, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to sustain its burden of proof, petitioner would have been obliged to present evidence either (1) that the commissions it claimed to have paid were for services rendered outside the United States or (2) that payments were not made to nonresident alien individuals or to foreign partnerships or corporations. Nowhere in the *121 record does petitioner assert that it offered such evidence to respondent. Therefore, even assuming arguendo that, as petitioner contends, respondent had information in her possession which would have allowed her to conclude that Mr. Tan was a citizen of the United States during the relevant periods, such information would not necessarily have been dispositive. The information that Mr. Tan was a citizen of the United States during the relevant periods permits only the conclusion that payments made to him were not subject to the withholding requirements of sections 1441 and 1442. Had respondent not concluded sua sponte that the payments were constructive dividends to Mr. Tan [11] rather than commission payments to third parties, as indicated on petitioner's tax returns for the years in issue, she would have continued to be justified in maintaining, through trial, the position that, in the absence of proof presented by petitioner that the payments were made either for services rendered outside the United States or to citizens of the United States, those payments were subject to withholding. *122 Respondent conceded the deficiency in withholding tax upon obtaining information relating to Mr. Tan's citizenship because she had concluded that petitioner's failure to produce evidence relating to the claimed commission expenses was a consequence of the fact that the claimed commission expenses were actually constructive dividends to Mr. Tan. Ironically, respondent's concession was the result not of petitioner's production of evidence, but rather of petitioner's failure to produce evidence. The fact that respondent had clearly formulated this position at least as early as October 16, 1992 (6 months before she conceded this case) [12] raises the questions whether (a) at any point respondent was no longer substantially justified in maintaining her initial, broader, position and (b) whether respondent attempted to use the costs and expenses of litigating against her initial position, as reflected in the notice of deficiency, to extract concessions from petitioner that were not justified under the circumstances of the case, or pursued the litigation for purposes of harassment. *123 The question of whether respondent was substantially justified in maintaining her initial position after October 16, 1992, arises because petitioner argues that respondent had information available to her which would have permitted her to conclude that Mr. Tan was a U.S. citizen. If, as of October 16, 1992, respondent had limited her position to the constructive dividend theory, [13] then had she been able to conclude that Mr. Tan was a U.S. citizen on the basis of information available to her, such conclusion would have been dispositive and she could have conceded the case earlier. The three mechanisms by which petitioner argues respondent could have obtained information regarding Mr. Tan's citizenship are: (1) By reference to the testimony of petitioner's shareholders during the course of the examination; *124 (2) by reference to the fact that respondent had solicited tax returns from Mr. Tan and his son; and (3) by contacting the State Department of the United States (the State Department). The fact that the examiner's report includes a statement that Mr. Tan was a citizen of the United States is the most persuasive argument that, had respondent concluded that the payments were constructive dividends, respondent would not have had a basis in fact to maintain her position. However, the examiner's statement is counterbalanced by other evidence both within and without the examiner's report. The examiner's report is dated July 1, 1991. It states on page T-10 that "Both T S Tan [sic] and Richard Tan are U.S. citizens currently living in Taiwan." This is not the equivalent of stating that Mr. Tan, who was not born in the United States, was a citizen of the United States during 1986 and 1987, the years in issue. On page T-16 of the examiner's report there is also the suggestion that the examiner was relying on the testimony of another of Mr. Tan's sons, Leon Tan, for the information that Mr. Tan was a U.S. citizen. [14]
*125 Moreover, respondent's investigation had produced evidence that would have cast doubt on whether Mr. Tan was in fact a citizen during the years in issue. At least some of petitioner's tax planning during the relevant period, specifically an international tax plan produced by Price Waterhouse, had been based on Mr. Tan's being a Taiwanese national, rather than a citizen of the United States. Petitioner's treasurer had also indicated to the examiner that she believed Mr. Tan to be a Taiwanese citizen. Appearing in response to a summons issued by the examiner, the certified public accountant, who had devised petitioner's accounting system, prepared its corporate income tax returns, and audited its financial statements for tax years ending before January 1988, refused on Fifth Amendment grounds to respond to any questions relating to the claimed commission payments or to Mr. Tan's citizenship. Thus, the citizenship issue was unresolved, and it was petitioner's burden to substantiate that its shareholders were U.S. citizens. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If not earlier, then at least as of October 16, 1992, the date on *126 which respondent issued notices of deficiency to petitioner's shareholders articulating the constructive dividend theory, petitioner was on notice [15] both that respondent had adopted the constructive dividend theory, at least with respect to the shareholders, and that respondent was either not aware or was not convinced that petitioner's shareholders were citizens of the United States. At this point, petitioner apparently made a calculated decision not to offer corroborative evidence of Mr. Tan's U.S. citizenship. [16]
It is not unreasonable for the Commissioner to require a taxpayer to corroborate its claims regarding a dispositive and unresolved fact. Baker v. Commissioner, 83 T.C. 822, 830 (1984), vacated and remanded on another issue 787 F.2d 637 (D.C. Cir. 1986); *127 Fallin v. Commissioner, T.C. Memo. 1993-332; Caparaso v. Commissioner, T.C. Memo. 1993-255. The Commissioner is not required to concede a case until she receives the documentation necessary to prove the taxpayer's contentions regarding disputed facts. Brice v. Commissioner, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991). Respondent was substantially justified in that she conceded immediately after petitioner provided, at the Court's urging, the relevant information which enabled her to corroborate Mr. Tan's citizenship. Bertolino v. Commissioner, 930 F.2d 759 (9th Cir. 1991); Amann v. Commissioner, T.C. Memo. 1993-542. The other two mechanisms by which petitioner suggests that respondent should have concluded that petitioners's shareholders were citizens of the United States -- by reference to respondent's solicitation of income tax returns from the shareholders and by contacting the State Department -- are without merit for the following reasons. It is well established *128 that the Commissioner is entitled to take alternative, even inconsistent, positions to protect the revenue when she has grounds to do so. Dixson Corp. v. Commissioner, 94 T.C. 708, 717-718 (1990); Doggett v. Commissioner, 66 T.C. 101, 103 (1976). Here, where neither petitioner nor its shareholders provided respondent with sufficient documentation of Mr. Tan's citizenship until after a petition had been filed in this case, respondent acted reasonably in soliciting returns from the shareholders, while simultaneously operating on the premise that the shareholders were not U.S. citizens for purposes of petitioner's withholding tax liabilities. With respect to petitioner's argument that respondent's investigative duty extended to contacting the State Department, we need not decide whether such an obligation existed because respondent was unable to obtain Mr. Tan's citizenship status without Mr. Tan's immigration number and date of birth. Petitioner did not provide this data to respondent until April 1993. Although petitioner suggests the possibility, there is no evidence in the record either that (1) respondent attempted *129 to use the costs and expenses of litigating against its initial position, as reflected in the withholding notice, to extract concessions from petitioner that were not justified under the circumstances of the case, or that (2) respondent pursued the case for purposes of harassment. Because we hold that both respondent's legal position and the manner in which she maintained that position were substantially justified, we also hold that petitioner was not the prevailing party within the meaning of section 7430. Having so held, we need not address the other requirements of that section. Accordingly, petitioner's Motion for an Award of Reasonable Litigation and Administrative Costs will be denied. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable years in issue; however, references to sec. 7430↩ are to the Internal Revenue Code in effect at the time the petition in this case was filed. All Rule references are to the Tax Court Rules of Practice and Procedure.
2. Petitioner does not specify the precise amount of costs which it seeks to recover. However, petitioner appears to claim approximately $ 175,000 to $ 200,000.↩
3. These other notices of deficiency are relevant to the discussion of whether respondent was substantially justified within the meaning of sec. 7430↩. However, in order to simplify matters, we will treat Tize-Shun Tan as though he were petitioner's sole shareholder.
1. 50 percent of the interest due on $ 7,797.↩
2. 50 percent of the interest due on $ 1,268,389.↩
4. Petitioner derived virtually all of its income from the export of pulp and paper products from the United States to the Far East.↩
5. The percentage is generally 30 percent.↩
6. At no point has petitioner substantiated payment of the alleged commissions.↩
7. The record before us indicates that petitioner has never acknowledged that the items denoted commissions on the relevant tax returns were actually constructive dividends to Tize-Shun Tan (Mr. Tan).↩
8. It appears that Mr. Tan continues to dispute the Commissioner's determinations with respect to his income tax obligations.↩
9. The INS is unable to confirm an individual's status as a citizen without an immigration number and his or her date of birth.↩
10. The record in this case does not include copies of petitioner's income tax returns for the relevant periods.↩
11. Petitioner has never acknowledged that the payments claimed as commission expenses were actually constructive dividends to Mr. Tan.↩
12. On Oct. 16, 1992, respondent issued notices of deficiency to petitioner's two shareholders articulating the constructive dividend theory.↩
13. We need not decide whether respondent had actually limited her position as we conclude that regardless of whether she had limited her position, respondent was substantially justified in maintaining her position.↩
14. We note that Leon Tan refused, on the basis of the Fifth Amendment↩, to answer many of the examiner's questions relating to Mr. Tan, including questions relating to Mr. Tan's place of residence.
15. Petitioner and its shareholders share the same counsel.↩
16. To have proffered such evidence might have suggested a concession that the claimed commission expenses were actually constructive dividends to Mr. Tan.↩