T.C. Memo. 1997-428


UNITED STATES TAX COURT


JENNIFER A. LESTRANGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19567-95.          Filed September 22, 1997.


Gerald A. Holmes, for petitioner.

Bryan E. Sladek, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) of the Code, and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994

Federal income tax in the amount of $1,479.  The Court must decide whether petitioner is entitled to an earned income credit in the amount of $1,479 for the taxable year in issue.

This case was submitted fully stipulated pursuant to Rule 122.  The stipulated facts are so found.  Petitioner resided in Santa Rosa, California, when her petition was filed.

Petitioner has a son, Treymaine D. Wilkins (Treymaine).  Treymaine was approximately 2½ years old at the end of 1994.  With the exception of September 1994, from March 1, 1994, through December 31, 1994, petitioner and Treymaine resided with Charlene Groom, petitioner's mother and Treymaine's grandmother (grandmother) at 3 different residences in California.  The grandmother rented the 3 residences.  Petitioner paid one-half of the rent and utilities for the exclusive use of a bedroom and shared use of the common areas.  Petitioner paid for food for Treymaine and herself.  Apparently, Heather Lestrange (Heather), the grandmother's other daughter and petitioner's sister, also lived in the residences.

Petitioner was employed by the Target Division of Dayton Hudson Corporation.  She earned $5,626.40 and reported a rounded-off amount of $5,626 on her 1994 return.  The grandmother's adjusted gross income was greater than petitioner's adjusted gross income in 1994.

On her 1994 Federal income tax return, petitioner claimed an earned income credit.  She identified Treymaine as her

"qualifying child" within the meaning of section 32(c)(3).

On her 1994 Federal income tax return, the grandmother claimed an earned income credit. The grandmother identified her daughter Heather as her qualifying child on her 1994 return.

Respondent determined that petitioner was not entitled to an earned income credit for 1994. Petitioner bears the burden to prove that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 32(a) provides for an earned income credit in the case of an "eligible individual". Section 32(c)(1)(A) provides that an "eligible individual" means any individual who has a "qualifying child" for the taxable year. Section 32(c)(3) defines qualifying child in pertinent part as follows:

(3) QUALIFYING CHILD.--

(A) IN GENERAL.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(i) who bears a relationship to the taxpayer described in subparagraph (B),

(ii) * * * who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(iii) who meets the age requirements of subparagraph (C), and

(iv) with respect to whom the taxpayer meets the identification requirements of subparagraph (D).

Respondent on brief admits that section 32 consists of four elements. The parties agree that Treymaine has satisfied these

four elements of section 32(c)(3)(A) with respect to petitioner. However, respondent contends that section 32(c)(1)(C) precludes petitioner from being an eligible individual with respect to Treymaine for the year in issue.

Section 32(c)(1)(C) provides:

If 2 or more individuals would (but for this subparagraph and after application of subparagraph (B)) be treated as eligible individuals with respect to the same qualifying child for taxable years beginning in the same calendar year, only the individual with the highest adjusted gross income for such taxable years shall be treated as an eligible individual with respect to such qualifying child.

Respondent argues that Treymaine was a qualifying child with respect to both petitioner and the grandmother for 1994. Therefore, respondent contends that because the grandmother had the higher adjusted gross income in 1994, section 32(c)(1)(C) precludes petitioner from being an eligible individual with respect to Treymaine for that year.

Petitioner observes that because the grandmother did not identify Treymaine on her 1994 Federal income tax return as her qualifying child, all four of the requirements of section 32(c)(3)(A) were not met by the grandmother. Consequently, Treymaine is not a qualifying child with respect to the grandmother. Thus, section 32(c)(1)(C) does not apply because petitioner and the grandmother are not eligible individuals with respect to the same qualifying child.

Respondent refers to the legislative history of the Omnibus

Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11111(a), 104 Stat. 1388, 1388-408 (the act that enacted the "qualifying child" test).  Respondent then contends that if a child satisfies the relationship, abode, and age requirements found in section 32(c)(3)(A)(i), (ii), and (iii), the child is a qualifying child.  Respondent claims the identification requirement found in section 32(c)(3)(A)(iv) is merely a requirement to report the name, age, and Taxpayer Identification Number of an individual who is otherwise a qualifying child.  On brief, respondent argues that Congress imposed the identification requirement simply to ease administration of the law and reduce respondent's administrative burden.  See H. Conf. Rept. 101-964, at 1037 (1990), 1991-2 C.B. 560, 564.  Yet, the legislative history cited above shows that there are four requirements to meet the definition of a qualifying child.  In fact, respondent so admits on brief.

The starting point for interpreting a statute is the language of the statute itself.  Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980).  If the language of the statute is plain, clear, and unambiguous, "'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)).  Thus, as long as the statutory language is clear and unambiguous, there generally is no need for courts to inquire

beyond the plain language of the statute. Absent absurd, unreasonable, or futile results, there is "no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." United States v. American Trucking Associations, 310 U.S. 534, 543 (1940).

Section 32(c)(1)(A) defines an eligible individual as an individual who has a qualifying child for the taxable year. A qualifying child is an individual who satisfies a relationship test, an abode test, an age test, and for whom the taxpayer satisfies an identification requirement. Sec. 32(c)(3)(A)(i)-(iv). These requirements are conjunctive.

For the year in issue, Treymaine met the requirements of section 32(c)(3)(A)(i), (ii), (iii), and (iv) with respect to petitioner. With respect to his grandmother, Treymaine only met the requirements of section 32(c)(3)(A)(i), (ii), and (iii). What is significant here is that the grandmother did not identify Treymaine as her qualifying child on her 1994 Federal income tax return and thus failed to satisfy the requirement of section 32(c)(3)(A)(iv). Accordingly, Treymaine is not a qualifying child with respect to his grandmother.

Because petitioner and the grandmother are not eligible individuals with respect to the same qualifying child, section 32(c)(1)(C) does not preclude petitioner from entitlement to an earned income credit for 1994. We cannot say that this

conclusion is "so bizarre that Congress could not have intended it."  Demarest v. Manspeaker, 498 U.S. 184, 191 (1991).  The language of section 32(c)(3)(A) is sufficiently clear to be dispositive of the issue at hand.  "[W]hen a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992).

The parties agreed that petitioner would be entitled to a refund of $1,499 if decision were entered in her favor in this case.

Decision will be entered

for petitioner.