T.C. Memo. 1999-367


UNITED STATES TAX COURT


LINDA MARIE SHERBO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16291-98.                    Filed November 4, 1999.


Douglas A. Drees, for petitioner.

Henry N. Carriger, for respondent.


MEMORANDUM OPINION


DEAN, Special Trial Judge:  This case is before the Court on petitioner's Motion for Award of Attorney's Fees filed pursuant to section 7430 and Rule 231.  All references to section 7430 are to such section as in effect at the time the petition was filed. All other section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether respondent's position in the underlying proceedings was substantially justified, and (2) whether the amount claimed by petitioner as attorney's fees and costs is reasonable.

Neither party requested a hearing in this case, and we conclude that none is necessary to decide this motion. See Rule 232(a)(2). Accordingly, we rule on petitioner's motion for attorney's fees on the basis of the parties' submissions and the record in this case. See Rule 232(a). Petitioner resided in Des Moines, Iowa, at the time she filed her petition.

## Background

The underlying claim that gave rise to the present dispute involved petitioner's eligibility to receive earned income credit in the 1995 and 1996 tax years. Both petitioner and her former husband, Stephen Sherbo (Mr. Sherbo), claimed earned income credit in 1995 and 1996 with respect to the same child.

Petitioner and Mr. Sherbo have two children, Sean and Liane Sherbo. Petitioner claimed earned income credit on her 1995 and 1996 individual Federal income tax returns using her two children to qualify for the credit. Mr. Sherbo claimed earned income credit for tax years 1995 and 1996 using Liane to qualify for the credit in 1995 and Sean to qualify for the credit in 1996.

Respondent, unable to determine which parent was entitled to the earned income credit, issued "whipsaw" notices of deficiency for the 1995 and 1996 tax years to petitioner and Mr. Sherbo.[1] The notices of deficiency disallowed the earned income credit to both petitioner and Mr. Sherbo.  Petitioner filed a timely petition objecting to the notices of deficiency and seeking a redetermination.  Mr. Sherbo defaulted on the notices of deficiency for 1995 and 1996.  The Appeals officer assigned to petitioner's case thereafter recommended that petitioner be allowed the earned income credit for both 1995 and 1996 as claimed on her tax returns on the basis that Mr. Sherbo could no longer claim earned income credit for either of the years in issue.

On April 12, 1999, pursuant to the stipulation of the parties, the Court entered an agreed decision reflecting that no deficiencies or overpayments are due.  On May 6, 1999, petitioner filed a Motion to Vacate Decision and lodged a Motion for Award of Attorney's Fees.  On May 10, 1999, the Court issued an Order granting petitioner's Motion to Vacate Decision, ordering the

[1] By issuing notices of deficiency to both petitioner and Mr. Sherbo, respondent has ensured the comprehensive resolution of petitioner and her former husband's inconsistent treatment of the qualifying children and the resulting earned income credits. See Wickert v. Commissioner, T.C. Memo. 1986-277, affd. 842 F.2d 1005 (8th Cir. 1988); Deutsch v. Commissioner, T.C. Memo. 1997-470 n.4.

Clerk of the Court to file the agreed decision document as a Supplemental Settlement Stipulation, and filing petitioner's Motion for Award of Attorney's Fees. The Court also ordered respondent to file a response to petitioner's Motion for Award of Attorney's Fees. After filing for an extension of time, which the Court granted, respondent filed a Notice of Objection to Petitioner's Motion for Award of Attorney's Fees. We now evaluate petitioner's motion seeking litigation costs totaling $4,310.

## Discussion

In general, section 7430 allows a taxpayer who is a prevailing party in a civil tax proceeding to recover reasonable administrative and litigation costs incurred in such proceeding. An award of administrative or litigation costs may be made where the taxpayer: (1) Is the prevailing party, (2) has exhausted available administrative remedies, (3) did not unreasonably protract the administrative or judicial proceeding, and (4) shows that the costs claimed are reasonable costs incurred in connection with the administrative or judicial proceeding. See sec. 7430(a) through (c)(4). Both petitioner and respondent agree that all administrative remedies available within the Internal Revenue Service have been exhausted and that the proceeding has not been unreasonably protracted. The parties disagree, however, as to whether petitioner is a prevailing party

and whether petitioner has demonstrated that the attorney's fees and costs sought are reasonable litigation costs.

To be a "prevailing party", a taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and must meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B)(1994). See sec. 7430(c)(4). Even if a taxpayer meets these requirements, she still is not a "prevailing party" if respondent establishes that the United States' position in the proceeding was substantially justified. See sec. 7430(c)(4)(B)(i).

Although respondent concedes that petitioner has substantially prevailed in this case and that petitioner meets the net worth requirements, respondent contends that petitioner is not a prevailing party because respondent was substantially justified in issuing the notices of deficiency.

A position is substantially justified if it could satisfy a reasonable person and if it has a reasonable basis in both fact and law. See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (defining "substantially justified" in the context of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d)(1994)); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A reasonable basis exists if legal precedent substantially supports respondent's position given the facts available to respondent. See Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C.

685, 688 (1990). Respondent must prove that his position was substantially justified. See sec. 7430(c)(4)(B). Although the concession of a case is a factor to be considered in determining whether a position is substantially justified, such concession is not by itself sufficient to establish an unreasonable position. See Estate of Merchant v. Commissioner, 947 F.2d 1390, 1395 (9th Cir. 1991), affg. T.C. Memo. 1990-160; Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. on this issue, revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995).

Petitioner seeks only litigation costs in this matter; therefore, we must examine respondent's position in the judicial proceeding. See sec. 7430(c)(7)(A). Respondent first took a position in the judicial proceeding on the date respondent's answer was filed--November 16, 1998. See California Marine Cleaning, Inc. v. Commissioner, T.C. Memo. 1998-311; Kahn-Langer v. Commissioner, T.C. Memo. 1995-527; Lockett v. Commissioner, T.C. Memo. 1994-144 (citing Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part and remanding on other issues T.C. Memo. 1991-144).

Respondent contends the position of the United States was substantially justified on the basis of the following information the Internal Revenue Service possessed at the time the notice of deficiency was issued: (1) Both petitioner and Mr. Sherbo claimed earned income credit with respect to Liane on their 1995

individual Federal income tax returns; (2) both petitioner and Mr. Sherbo claimed earned income credit with respect to Sean on their 1996 individual Federal income tax returns; (3) petitioner and Mr. Sherbo are the biological parents of Liane and Sean; (4) petitioner, Mr. Sherbo, Liane, and Sean appeared to share the same household for the 1995 and 1996 tax years; and (5) Mr. Sherbo's modified adjusted gross income was higher than petitioner's modified adjusted gross income in tax years 1995 and 1996. We now assess whether respondent reasonably relied on these facts in forming and maintaining his litigation position.

To be eligible to claim earned income credit with respect to a qualifying child, a taxpayer must establish that the child bears the relationship to the taxpayer prescribed by section 32(c)(3)(B) and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii). Section 32(c)(1)(C) provides further that if two or more individuals would otherwise be eligible for earned income credit with respect to the same qualifying child for the same taxable year, only the individual with the highest adjusted gross income for the taxable year will be eligible to claim the qualifying child.

As biological parents of Liane and Sean, both petitioner and Mr. Sherbo meet the relationship test of section 32(c)(3)(B). Petitioner and Mr. Sherbo's individual Federal income tax returns

indicate that Mr. Sherbo had a higher adjusted gross income than petitioner in both 1995 and 1996. Consequently, if Mr. Sherbo and petitioner both shared the same principal place of abode along with their children during the taxable years in issue, only Mr. Sherbo would be eligible to claim earned income credit with respect to both Liane and Sean in both 1995 and 1996. Whether respondent's litigation position was substantially justified thus turns on whether respondent had reasonable grounds to conclude that petitioner and Mr. Sherbo may have shared the same household in 1995 and 1996.

Both petitioner and Mr. Sherbo's tax returns for these years provide the same mailing address. Furthermore, petitioner listed Mr. Sherbo as a member of her household in her December 23, 1997, reply to respondent's request for information. It was not until her reply to respondent's March 2, 1998, letter proposing changes to petitioner's 1995 and 1996 tax liability that petitioner indicated Mr. Sherbo used her address only for mailing purposes and did not actually live with her during the years in issue except for 4 months in 1996. Petitioner, however, did not substantiate this claim with any corroborating evidence.

Although petitioner enclosed with her reply copies of a Form 8332 as requested by respondent and wage withholding records, this evidence does not establish that petitioner was entitled to the earned income credit at issue. The Form 8332 provided by

respondent indicates that Mr. Sherbo released his claim to dependency exemptions for both Sean and Liane for tax year 1995 and future years. Petitioner's entitlement to section 32 earned income credit for 1995 and 1996, however, is not conditioned on petitioner's entitlement to dependency exemption deductions under section 151. The statutory language that previously linked those issues was removed by the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11111, 104 Stat. 1388, 1388-408, effective for taxable years beginning after December 31, 1990.

The wage withholding records supplied by petitioner in response to respondent's request for information provide evidence of the court-ordered child support payments Mr. Sherbo made to petitioner and suggest that petitioner was the custodial parent. These records do not establish, however, that Mr. Sherbo did not share a residence with petitioner during the years in issue.

Respondent's refusal to rely on petitioner's claims regarding Mr. Sherbo's residence was not unreasonable. Petitioner's claims were in direct conflict with petitioner's earlier reply to respondent and with the information provided by Mr. Sherbo on his tax returns for the years in issue. Under these facts and circumstances, it was reasonable to conclude that petitioner and Mr. Sherbo may have shared the same residence for the 1995 and 1996 tax years. The legal consequence of these facts under section 32(c) was that respondent was unable to

determine which parent was entitled to receive the earned income credit with respect to Liane and Sean.

Respondent's position remained unchanged on November 16, 1998, when respondent filed an answer to petitioner's petition. In respondent's explanation of the notices of deficiency, respondent informed petitioner that in order to have the deficiencies redetermined, petitioner would have to provide documentation verifying that her ex-husband did not reside with her during the years in issue. The record does not reflect that petitioner ever brought forth any such documentation.

It is not unreasonable for respondent to require a taxpayer to corroborate claims regarding a dispositive and unresolved fact. See Baker v. Commissioner, 83 T.C. 822, 830 (1984), vacated and remanded on another issue 787 F.2d 637 (D.C. Cir. 1986); Pan Pac. Trading Corp. v. Commissioner, T.C. Memo. 1994-101, affd. 73 F.3d 370 (9th Cir. 1995). Respondent was entitled to defend against inconsistent results by holding both petitioner and Mr. Sherbo liable for the deficiency until the facts established which party was entitled to the earned income credit at issue. See Maggie Management Co. v. Commissioner, 108 T.C. 430, 446 (1997).

Respondent maintained his position only so long as it was necessary to resolve the whipsaw situation. When Mr. Sherbo defaulted on the notices of deficiency, respondent regarded the

whipsaw situation as resolved because Mr. Sherbo could no longer claim in the Tax Court the earned income credit at issue. Respondent immediately conceded petitioner's case allowing petitioner the earned income credit as claimed on her tax returns. Respondent's position throughout the entire judicial proceeding remained reasonably based on the facts known to respondent and on the well-established legal consequences of those facts.

Accordingly, we hold that respondent's position on the issues in this case was substantially justified and that petitioner is not entitled to an award for litigation costs under section 7430. We thus need not address the reasonableness of the costs claimed by petitioner. Petitioner's motion will therefore be denied.

To reflect the foregoing,

<u>An appropriate Order</u>

<u>and Decision will be entered</u>.