# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 00-1882

Linda M. Sherbo, *
*
Appellant, *
* Appeal from the
v. * United States Tax Court.
*
Commissioner of Internal Revenue, *
*
Appellee. *

Submitted: January 12, 2001

Filed: June 29, 2001

Before LOKEN and HEANEY, Circuit Judges, and BATAILLON,[*] District Judge.

LOKEN, Circuit Judge.

When two taxpayers claim a tax benefit to which only one is entitled, the Internal Revenue Service may issue "whipsaw" deficiency notices denying the benefit to both until the rightful claimant can be determined. In this case, on their 1995 and 1996 federal income tax returns, Linda M. Sherbo and her ex-husband, Steve, claimed conflicting earned income credits based upon their children. The IRS issued deficiency notices to both taxpayers. Linda commenced this action in the Tax Court to contest her

[*]The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska, sitting by designation.

deficiency. After Steve defaulted, the IRS conceded that Linda owed no deficiency. Before final judgment was entered in Linda's favor, she moved for a discretionary award of litigation costs and attorney's fees. The Tax Court denied the motion, concluding that the Commissioner's litigation position was substantially justified. See 26 U.S.C. § 7430(c)(4)(B)(i). Linda appeals. We affirm.

## I. Background.

**The Earned Income Credit.** Codified in 26 U.S.C. § 32, the earned income credit ("EIC") is a complex tax credit available to taxpayers with modest levels of earned income. A small credit is provided to all eligible taxpayers, but the principal feature of the EIC is the more substantial credit available to eligible taxpayers who have one or more "qualifying" children. See generally 2 BITTKER & LOKKEN, FEDERAL TAXATION OF INCOME, ESTATES & GIFTS ¶ 37.1 (3d ed. 2000). As relevant to this case, a "qualifying child" is a son or daughter under the age of nineteen who has the same principal place of abode as the taxpayer for more than one-half of the taxable year. 26 U.S.C. § 32(c)(3). To claim the EIC, an eligible taxpayer with one or more qualifying children must report each child's name, age, and social security number on his or her tax return. § 32(c)(3)(D). Of great importance to this appeal is the EIC "tie-breaker" rule -- if two taxpayers are otherwise eligible with respect to the same qualifying child, the taxpayer with the higher modified adjusted gross income is the only taxpayer eligible for the EIC for that child. § 32(c)(1)(C).

**The Facts of This Case.** Linda and Steve Sherbo divorced in 1993. Linda has custody of their young children, Sean and Liane. For tax years 1995 and 1996, Linda claimed an EIC, identifying Sean and Liane as qualifying children both years. Steve claimed a conflicting EIC on his tax returns, identifying Liane as a qualifying child in 1995 and Sean as a qualifying child in 1996. When the IRS identified this "whipsaw" situation, it sent Linda and Steve letters in late 1997 requesting additional information relating to their children, the divorce, and where they resided in 1995 and 1996. Linda

responded on December 23, 1997, providing copies of various requested documents and advising that she and Steve had the same address in Des Moines, and lived in the same household with the children, during the 1995 and 1996 tax years. Steve did not respond to the IRS letter inquiry.

On March 2, 1998, the IRS sent Linda a proposed report disallowing her EIC claims in both 1995 and 1996 because "you and someone else in your household have the same qualifying dependent and only the person with the higher adjusted gross income can claim the credit" (a reference to the EIC tie-breaker rule). The IRS asked Linda either to agree with this report and pay the tax due ($3104 for 1995 and $3093 for 1996), or to provide a statement and additional information if she disagreed with the report. Steve did not respond to a similar proposed report sent to him. Linda responded on March 20, stating her disagreement. She modified her previous response to the residence inquiry, now reporting that the children lived with her all twelve months of 1995 and 1996, but Steve lived in her household only the last four months of 1996. Linda explained that her address remained the same after the divorce, and that Steve "neglected to change his address with the post office and thus it remained his mailing address." She also provided IRS Forms 8332 for 1995 and 1996, both signed by Steve on March 11, 1998. The Forms, entitled Release of Claim to Exemption for Child of Divorced or Separated Parents, recited that Steve would not claim exemptions for the children in those tax years.

On August 7, 1998, the IRS issued Linda deficiency notices disallowing her EIC claims, consistent with the proposed report. Included with the notices was a hand-written IRS Form 886-A, entitled Explanations of Items, advising Linda:

> Your [March 20] correspondence states that your ex-spouse did not actually reside with you during 1995 and 1996, but only used your address for mailing purposes.

> In order to change our determination, you must provide documentation which verifies that your ex-spouse resided at a different address. Such items are:
>
> 1. copy of a lease or rental agreement
> 2. utility bills
> 3. bank statements
> 4. employers statement
>
> When we receive your correspondence, we will review this issue again.

Without responding further, Linda petitioned the Tax Court to review the alleged deficiencies, asserting that the Commissioner erred in disallowing her EIC claims because Sean and Liane "are not qualifying children of another person." The Commissioner answered the petition on November 13, 1998, denying that assertion.

Steve did not challenge the parallel deficiency notices sent to him by filing a timely action in the Tax Court. His default was recorded by the IRS on January 4, 1999. The Commissioner promptly conceded that Linda was entitled to the EIC she claimed in 1995 and 1996. The Tax Court entered judgment to that effect on April 12 but vacated the judgment on May 6 to take up Linda's motion for costs. The Court denied the motion and entered final judgment on November 4, 1999.

**The Award of Litigation Costs to Prevailing Taxpayers.** Section 7430 of the Internal Revenue Code provides for a discretionary award of reasonable costs and attorney's fees incurred in administrative and judicial tax proceedings by a taxpayer who is the prevailing party, has exhausted available administrative remedies, and did not unreasonably protract the administrative or judicial proceedings. 26 U.S.C. § 7430(a)-(b). However, the taxpayer "shall not be treated as a prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified." § 7430(c)(4)(B)(i). "The Commissioner's position was

substantially justified if it had a reasonable basis in law and fact." Cox v. Commissioner, 121 F.3d 390, 393 (8th Cir. 1997); accord Pierce v. Underwood, 487 U.S. 552, 564-66 (1988) (construing a similar provision in the Equal Access to Justice Act). A 1996 amendment to the statute explicitly placed the burden of proof on this issue on the government when it added § 7430(c)(4)(B).

In this case, the government's position -- reflected in the deficiency notices and in the answer to Linda's Tax Court petition -- is that the Commissioner could not reliably determine whether Linda or Steve was entitled to the claimed EICs based upon Sean and Liane as qualifying children until Steve defaulted. The Tax Court held that this position was substantially justified because the two taxpayers had asserted conflicting EIC claims and provided inconsistent information concerning Steve's residence during the years in question. In these circumstances, the Tax Court concluded, "[i]t is not unreasonable for [the Commissioner] to require a taxpayer to corroborate claims regarding a dispositive and unresolved fact." Sherbo v. Commissioner, T.C. Mem. 1999-367, 78 T.C.M. (CCH) 742, 744. We review the Tax Court's findings of fact for clear error and its decision not to award costs for abuse of discretion. Kenagy v. United States, 942 F.2d 459, 463 (8th Cir. 1991).

## II. Discussion.

Whether the government's position was substantially justified is necessarily a fact intensive, case-by-case determination. Kenagy, 942 F.2d at 464. In this case, as in Wickert v. Commissioner, 842 F.2d 1005, 1008 (8th Cir. 1988), it is undisputed that the Commissioner conceded the validity of Linda Sherbo's EIC claims promptly after learning that Steve had ended the "whipsaw" situation by defaulting his conflicting claims. The issue, then, is whether the Commissioner was substantially justified in issuing deficiency notices and filing an answer in the Tax Court challenging Linda's EIC claims prior to Steve's default. On appeal, Linda argues that the Commissioner's position lacked a reasonable basis in law *and* fact. It will clarify the factual component

of this dispute if we first address her issues of law, issues made more complex because of the many recent amendments to the EIC statute.

Steve's modified adjusted gross income was higher than Linda's in 1995 and 1996. Therefore, Linda would not have been the eligible individual under the EIC's tie-breaker provision if both parents were otherwise eligible to claim Sean and Liane as qualifying children. See § 32(c)(1)(C). Both parents met the relationship and age requirements under § 32(c)(3)(B) & (C). However, Linda argues that the IRS lacked a reasonable basis in law to disallow her EIC claims for two reasons.

First, Linda argues that Steve could not satisfy the residence test in § 32(c)(3)(A)(ii) as a matter of law because, even if he lived with the children in Linda's home in 1995 and 1996, the residence test also requires that the eligible individual be the head of household, as defined in the Internal Revenue Code, and Steve could not qualify as head of their household under 26 U.S.C. § 2(b)(1) because he did not provide over one-half the cost of maintaining the household.

This argument had considerable force under the EIC statute prior to 1990. See Schnelten v. Commissioner, T.C. Mem. 1993-264, 65 T.C.M. (CCH) 2961, 2967. The prior statute provided that an eligible individual must be married, a surviving spouse, or a head of household. Each of those alternatives included a residence requirement. See 26 U.S.C. § 32(c)(1)(A)(iii) & (B) (1988). In 1990, in substantially amending § 32, Congress deleted the requirement that an eligible individual must be married, a surviving spouse, or a head of household, but it retained the residence requirement by adding a residence test to the definition of "qualifying child." Under the amended statute, a qualifying child is one "who has the same principal place of abode as the taxpayer for more than one-half of such taxable year." See §§ 32(c)(1)(A) and 32(c)(3)(A)(ii) as enacted in the Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, § 11111(a), 104 Stat. 1388, 1388-410.

The Commissioner construes the new provision as a simple residence test, without the additional financial maintenance requirements of the head-of-household definition in § 2(b)(1).[1] The plain language of § 32(c)(3)(A)(ii) supports that construction. Linda counters by pointing to a passage in the 1990 legislative history stating that Congress "intended that the determination of whether the residency requirement is met is made under rules similar to those applicable with respect to whether an individual meets the requirements for head-of-household filing status." H. R. Conf. Rep. No. 101-964, reprinted in 1990-6 U.S.C.C.A.N. 2374, 2742. But the example given -- disregarding temporary absences due to education or illness -- is consistent with a simple residence test. As this case illustrates, a simple residence test is easier to administer than the former test, which required the IRS to determine head-of-household status, as well as residence. We conclude the Commissioner is substantially justified in construing § 32(c)(3)(A)(ii) as a simple residence test.

Second, Linda argues that the Commissioner had no basis in law for disallowing her entire EIC claims because Steve identified only Liane as a qualifying child in 1995 and Sean in 1996, and therefore Steve could not be an eligible individual for the other child each year. Linda bases this argument on Lestrange v. Commissioner, T.C. Mem. 1997-428, 74 T.C.M. (CCH) 685, where the Tax Court held that a person could not be an eligible individual for purposes of the EIC tie-breaker rule, if the qualifying child was not identified on that person's tax return.

Once again, Linda's contention ignores a subsequent statutory amendment. Congress legislatively overruled LeStrange by repealing its statutory basis, former § 32(c)(3)(A)(iv), in § 6021 of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685, 824, reprinted in 1998-1

---

[1]This is not merely the Commissioner's litigation position. See, e.g., IRS Pub. 596, Earned Income Credit (EIC) (2000) ("**Residency Test**: Your child must have lived with you in the United States for more than half of 2000 . . . .").

U.S.C.C.A.N. 824. The Joint Committee on Taxation explained this amendment as intended to overrule Lestrange and restore the IRS's prior position -- "the tie-breaker rule would apply where more than one individual otherwise *could* claim the same child as a qualifying child on their respective tax returns, regardless of whether the child is listed on any tax return."[2] This 1998 amendment was expressly made retroactive to 1990, see § 6021(c)(2), 112 Stat. at 824; its retroactivity was constitutional because the amendment merely clarified prior law. See Sutherland v. Commissioner, T.C. Mem. 2001-8, 81 T.C.M. (CCH) 1001, 1004.

In other words, under the applicable EIC tie-breaker rule, the IRS investigation was not only concerned with resolving a "whipsaw" situation. Although the conflicting EIC claims initially filed by Linda and Steve Sherbo no doubt triggered the IRS's interest in the issue, the agency was required to determine which parent was the proper eligible individual with respect to both children, in order to fulfill Congress's intent "to ensure that only needy taxpayers receive the EIC." Sutherland, 81 T.C.M. (CCH) at 1005. As Sean and Liane lived together in 1995 and 1996, if one was a "qualifying child" for Steve, almost certainly the other was as well. Thus, the Commissioner took a substantially justified legal position in disallowing Linda's entire EIC claims until the issue of Steve's residence was resolved, even if Steve was not claiming the full EIC to which he might have been entitled.

Having resolved Linda's issues of law in the Commissioner's favor, we come to the question of whether the government's position was substantially justified in fact. As we have explained, the critical question was whether Steve was *the* eligible individual under the EIC tie-breaker rule because he lived with the children for at least six months each tax year. Linda asserts there is a "complete absence of evidence that

---

[2] Joint Committee on Taxation, Description of Revenue Provisions Contained in the President's Fiscal Year 1999 Budget Proposal, at 217 (Joint Comm. Print 1998) (emphasis added). See also S. Rep. No. 105-174, at 200 (1998).

Steve could satisfy the residency test." That is simply not true. When it issued the deficiency notices, the IRS had the following information suggesting that both Steve and Linda satisfied the residence test in 1995 and 1996:

- Steve's tax returns, reporting the same home address as Linda's returns.

- Linda's December 23, 1997, letter reporting that Steve and both children lived with her at that address in 1995 and 1996.

- Linda's March 20, 1998, letter. This letter asserted that Steve did not live with the children more than one-half of those years. But in support, Linda enclosed only an IRS Form 8332 for each year signed by Steve on March 11, 1998. This Form states that it is to be used by a custodial parent who wishes to release an exemption claim, not an EIC claim. Submitting these documents, which did not address the residence question, no doubt caused the reviewing IRS examiner to wonder why Linda was unable to obtain from Steve a document that directly addressed either the residence question or his competing EIC claims.

Faced with this conflicting information, the IRS issued deficiency notices along with an Explanation of Items that encouraged Linda to submit documents that would corroborate her assertion that Steve did not live with the children during 1995 and most of 1996 -- bank statements, a rental agreement, and so forth, the kind of documents that most people have readily available.

When faced with a "whipsaw" situation, the Commissioner is "entitled to defend against inconsistent results by holding both parties to the transaction liable for the deficiency," until the claim of one or the other is conceded or conclusively rejected. Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 446 (1997); accord Wickert, 842 F.2d at 1008. Moreover, because Linda as taxpayer had the ultimate burden of proving her entitlement to a tax credit such as the EIC, see, e.g., 330 W. Hubbard Restaurant Corp. v. United States, 203 F.3d 990, 997 (7th Cir. 2000), we agree with the Tax Court that it was reasonable for the Commissioner to require her to corroborate her assertion

regarding Steve's residence, which was a dispositive and unresolved fact. Accord Pan Pac. Trading Corp. v. Commissioner, T.C. Mem. 1994-101, 67 T.C.M. (CCH) 2374, 2380, aff'd, 73 F.3d 370 (9th Cir. 1995) (unpublished). In these circumstances, the Tax Court did not abuse its discretion in denying Linda's motion for costs on the ground that the Commissioner was substantially justified in disallowing Linda's EIC claims until Steve's conflicting claims were resolved when he defaulted.

The judgment of the Tax Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.